**Hanni v. Hanni**
*[Cite as 5 AOA 109]*

*Case No. 89 C.A. 41*
*Mahoning County, (7th)*
*Decided July 11, 1990*

*David J. Betras, Mahoning County Child Support Enforcement Agency, 21 West Boardman Street, Youngstown, Ohio 44503, for Plaintiff-Appellant.*

*John F. Shultz, 219 West Boardman Street, Youngstown, Ohio 44503, for Defendant-Appellee.*

DONOFRIO, J.

This is an appeal from the Court of Common Pleas of Mahoning County, Ohio, division of domestic relations.

On March 3, 1981, a judgment entry of divorce was filed by the trial court. As a part of that judgment entry, the trial court entered a child support order. Child support and visitation are two issues that these parties have had continual disputes since the time of the divorce. In 1985, the trial court impounded funds paid into the bureau of support by defendant-appellee, Don L. Hanni, III, because plaintiff-appellant, Ann L. Hanni, nka Ann L. Jamison, failed to comply with the order of visitation.

The trial court sustained a motion filed by appellee which prohibited counsel for the Mahoning County Child Support Enforcement Agency (hereinafter "MCCSEA") to further represent appellant in this and any further proceedings before the court involving the issue of visitation or matters related thereto.

It is agreed that the issue of the court impounding funds that were for child support is not before us at this time. Therefore, we will not address appellant's second assignment of error.

Appellant's first assignment of error is as follows:

"The Domestic Relation Court erred by sustaining the Appellee's motion to disqualify the Mahoning County Child Support Enforcement Agency from representing the Appellant upon her request to seek release of impounded funds."

Thus, the issue before us is whether or not the domestic relations judge can by court order prevent the attorney for the MCCSEA from representing the appellant upon her request to seek release of impounded funds. We find that the trial judge had no such authority for the following reasons.

The Ohio Supreme Court, in the case of *Melling v. Stralka* (1984), 12 Ohio St. 3d 105, at 106-107, stated as follows:

"The determinative issue before the court in the instant case is whether a municipal court judge has the authority to issue an order prohibiting all city solicitors, law directors, municipal and county prosecutors, and the assistants thereof, from representing defendants in criminal matters pending before his court. We find that he does not have this authority.

"Section 2(B)(1), Article IV of the Ohio Constitution provides:

"'The supreme court shall have original jurisdiction in the following:
"'***

"'(g) Admission to the practice of law, the discipline of persons so admitted, and all other matters relating to the practice of law.'

"Section 5(B), Article IV of the Constitution further provides, in relevant part:

"'The supreme court shall prescribe rules governing practice and procedure in all courts of the state ***. All laws in conflict with such rules shall be of no further force or effect after such rules have taken effect.

"'*** The supreme court *** shall make rules governing the admission to the practice of law and discipline of persons so admitted.'
"'***

"For the most part, local rules should be directed toward 'the prompt and efficient dispatch of justice.' *DeHart, supra (DeHart v. Aetna*

*Life Ins. Co.* [1982], 69 Ohio St. 2d 189), at page 192, and local rules of practice that are rationally related to this goal normally will be upheld. The 'rule' promulgated by Judge Stralka in the instant case, however, is more than a rule of practice or procedure. Judge Stralka's order of June 9, 1978 is, in effect, a 'disciplinary rule' that limits the ability of certain members of the bar to practice before the Garfield Heights Municipal Court because of a perceived 'suspicion of wrongdoing, conflict or impropriety' whenever a law director, city solicitor, or prosecutor represents a defendant in a criminal action. Such rules of general application, which place limits on an attorney's ability, to practice law and/or impose 'across-the-board disciplinary measures on members of the bar, are within the exclusive authority of the Supreme Court, and they may not be promulgated by the trial or appellate courts of this state." (Insert added.)

In the recent case of *State, ex rel. Jones v. Stokes* (1989), 49 Ohio App. 3d 136, the court held:

"Although a trial court has the inherent authority to regulate the conduct of and disqualify counsel appearing in specific proceedings before it, a writ of prohibition will issue to prohibit municipal court judges from enforcing a broad sanction on an attorney which imposes on her a continuing restriction to practice law in all proceedings in their courtrooms."

It is not just any employee of the MCCSEA that seeks to represent that agency but an attorney at law who is licensed to practice solely from the Supreme Court of Ohio. It is stated in law comes law in the state of Ohio. That authority to practice Jurisprudence 3d 502-503, Attorneys at Law, Section 23:

"*** (T)he Ohio Constitution as amended in 1968 expressly confers original jurisdiction in the Supreme Court as to the discipline of persons admitted to the practice of law. In addition, the Constitution provides that the Supreme Court shall prescribe rules governing practice and procedure in all courts of the state, and all laws in conflict with such rules shall be of no further force or effect after such rules have taken effect, and provides further that the court is to make rules governing the discipline of persons admitted to the practice of law. Accordingly, the provision of the Code which, by its terms, vests jurisdiction of disciplinary proceedings in the Supreme Court, Courts of Appeal, and Courts of Common Pleas is of no force and effect with regard to the jurisdiction of the Supreme Court

over the discipline of attorneys. The authority of the Supreme Court is exclusive and absolute."

The only requirement for an attorney to practice law in the state of Ohio is the license issued by the Ohio Supreme Court. This case deals directly with the question of an attorney practicing before the domestic relations court in his representation of MCCSEA. If representing such agency involves a question of ethics, that is a matter to be determined by the Ohio Supreme Court. It is not for the trial court to make a determination of whether or not an attorney can practice in his court in the representation of such agency.

Appellant states that she is not receiving her support and the MCCSEA has a statutory duty, both state and federal, to insure she receives her payment. Appellant argues that the MCCSEA has the statutory obligation to enforce child support orders. Appellant contends that unless an obligee is receiving her support, the MCCSEA has the right and obligation to represent that obligee. Appellant cites 42 U.S.C. Sec. 654(4)(B), which holds, in pertinent part, that the states will undertake "in the case of any child with respect to whom such assignment is effective, *** to secure support for such child from his parent (or from any other person legally liable for such support) ***."

Thus, it appears by law that the MCCSEA has the power to hire attorneys in matters dealing with child support. The trial court's order was a limitation on an attorney's power to practice. Since such power rests with the Supreme Court of Ohio, we find that appellant's assignment of error has merit. It is sustained and we, accordingly, reverse the judgment of the trial court.

*Judgment reversed and cause remanded.*

O'NEILL, P.J., COX, J., concur.