CITY OF MAPLE HEIGHTS, APPELLANT, *v.* REDI CAR WASH ET AL., APPELLEES.

(Nos. 54028 and 54029—Decided July 5, 1988.)

*Joseph W. Diemert, Jr.,* director of law, for appellant.

*Joseph N. Salemi, pro se.*

PATTON, J. The city of Maple Heights appeals from an order of the Garfield Heights Municipal Court that dismissed these consolidated cases and that disqualified a city prosecutor from further involvement in these pro-ceedings. The following facts give rise to this appeal.

On or about October 29, 1986, complaints were sworn out against defendants-appellees Joseph N. Salemi and the Redi Car Wash ("appellees"), located at 16501 Rockside Road in Maple Heights, Ohio. The complaints alleged that the appellees were knowingly operating a business without having obtained a certificate of occupancy. On or about November 25, 1986, the appellees entered pleas of not guilty to the complaints.

On January 5, 1987, the trial court merged the two cases. On the same day, the appellees withdrew their former pleas of not guilty and entered pleas of no contest. The court deferred sentencing until May 4, 1987 and directed the appellees to comply with the city ordinances relating to occupancy permits.

On April 29, 1987, the appellees filed a motion to withdraw their pleas of no contest, pursuant to Crim. R. 32.1.

On May 4, 1987, the date scheduled for sentencing, the court indicated that it would be in the best interest of justice to allow the appellees to withdraw their former pleas. The court also indicated that a different city prosecutor should handle these proceedings after the court learned that the prosecutor at that time had filed a $1.1 million libel suit against the appellees and that appellee Salemi had filed a grievance against that prosecutor with the local bar association. The court urged the parties to return to "square one" so that the proceedings would not be tainted by the obvious personality conflicts between these parties.

During the course of this hearing, Salemi indicated that the prosecutor had threatened him with further criminal proceedings unless related injunctive proceedings in common pleas

court were resolved. At that point, the prosecutor interjected:

"MR. CARTELLONE: There will be more criminal actions filed today. I can tell you that.

"MR. SALEMI: Go ahead. Go ahead.

"THE COURT: The Court takes that as a threat. Mr. Cartellone, as of now, you have nothing to do with this case, absolutely nothing other than to give that file over to Mr. Diemert. Do you understand?

"MR. CARTELLONE: Yes. Mr. Diemert will file it.

"THE COURT: Don't start telling this Court that you are going to file more criminal actions today because that is exactly — I am talking — that is exactly what this matter is talking about. That is a personal vendetta against you, and you are putting it on a record, and it appears to this Court to be that."

Thereafter, on May 4, 1987, the court journalized an order vacating the appellees' no contest pleas. The court disqualified prosecutor Cartellone from further participation in these proceedings against Salemi and ordered the complaints against the appellees to be dismissed without prejudice.

This appeal followed, and the appellant city of Maple Heights asserted two assignments of error:

"I. The trial court erred in disqualifying the assistant prosecutor from the case.

"II. The trial judge erred in dismissing the charges against the defendants."

## I

The appellant's first assignment of error contends that the trial court erred in disqualifying the original prosecutor from further participation in these proceedings. This assignment of error is not well-taken.

A trial court has the "inherent power to regulate the practice before it and protect the integrity of its proceedings," which includes the " 'authority and duty to see to the ethical conduct of attorneys in proceedings' " before the court. *Royal Indemnity Co.* v. *J. C. Penney Co.* (1986), 27 Ohio St. 3d 31, 33-34, 27 OBR 447, 449, 501 N.E. 2d 617, 620; accord *Mentor Lagoons, Inc.* v. *Rubin* (1987), 31 Ohio St. 3d 256, 259, 31 OBR 459, 462, 510 N.E. 2d 379, 382. Under appropriate circumstances, an attorney may be disqualified from continued participation in ongoing litigation in the event of truly egregious misconduct which is likely to infect future proceedings, and this authority to disqualify an attorney does not conflict with the Ohio Supreme Court's exclusive authority over attorney disciplinary proceedings. *Mentor Lagoons, supra,* at 259-260, 31 OBR at 462, 510 N.E. 2d at 382; *Royal Indemnity Co., supra,* at 34, 27 OBR at 450, 501 N.E. 2d at 620; cf. *Melling* v. *Stralka* (1984), 12 Ohio St. 3d 105, 12 OBR 149, 465 N.E. 2d 857 (invalidating court order prohibiting certain classes of attorneys from representing criminal defendants). A trial court has wide discretion in the exercise of its duty to supervise members of the bar appearing before it, and the court's ruling will not be disturbed absent a showing that the court abused its discretion. See *Royal Indemnity Co., supra,* at 35-36, 27 OBR at 450-451, 501 N.E. 2d at 621-622.

In the instant case, appellant has not demonstrated that the court abused its discretion in disqualifying the city prosecutor from further participation in these proceedings. The record supports the court's determination that the integrity of these proceedings would be severely jeopardized in light of the personal animosity between these parties as reflected by the

other ongoing litigation and the disciplinary proceedings before the local bar association. After the court indicated that it would vacate the appellees' no contest pleas and urged the prosecutor to allow a different prosecutor to assume responsibility over this matter, the prosecutor openly threatened to file additional criminal charges against appellees that day, in seeming indifference to DR 7-105(A).[1] On this record, we cannot say that the trial court abused its discretion in disqualifying this prosecutor from further participation in this case.

The first assignment of error is without merit.

## II

The second assignment of error contends that the court erred when it allowed the appellees to withdraw their no contest pleas and that the court erred when it dismissed the charges against appellees without prejudice. We think the court did not abuse its discretion in allowing the appellees to withdraw their pleas, but we also conclude that the court should not have dismissed the charges against the appellees. Accordingly, this assignment of error is well-taken in part.

In *State* v. *Peterseim* (1980), 68 Ohio App. 2d 211, 22 O.O. 3d 341, 428 N.E. 2d 863, this court stated that, pursuant to Crim. R. 32.1, a motion to withdraw a plea of guilty or no contest that is filed before sentencing should be freely allowed. *Id.* at 213, 22 O.O. 3d at 342, 428 N.E. 2d at 865. Appellate review of the court's ruling on the motion to withdraw is limited to a determination of whether the court abused its discretion. *Peterseim, supra,* at 213-214, 22 O.O. 3d at 343, 428 N.E. 2d at 865.

We cannot say that the trial court abused its discretion in allowing the appellees to withdraw their former pleas of no contest in this case. The appellees filed their motion to withdraw prior to sentencing. The record reflects that the court was not informed of the other litigation and disciplinary proceedings between these parties at the time the court originally accepted the appellees' no contest pleas. Under the circumstances of this case, we think the court acted within its discretion in allowing the appellees to withdraw their no contest pleas, thus returning the parties to square one.

However, we think the court went too far in also dismissing the charges against the appellees, albeit without prejudice. The court's power to dismiss an indictment, information or complaint pursuant to Crim. R. 48(B) is not without limitation. Cf. *State* v. *Sutton* (1979), 64 Ohio App. 2d 105, 18 O.O. 3d 83, 411 N.E. 2d 818 (court may not dismiss with prejudice unless defendant is denied constitutional or statutory right which would itself bar prosecution). Under the circumstances of this case, we are unable to find authority for the trial court's dismissal of the complaints charging appellees with operating a business without a certificate of occupancy. Thus, while we agree that appellees were properly allowed to withdraw their no contest pleas and that a different assistant city prosecutor should thereafter handle this case, the court should not have dismissed the charges against the appellees.

Accordingly, the second assignment of error is well-taken in part.

The judgment is affirmed with regard to the court's order disqualifying the assistant city prosecutor from further participation in this case and with regard to the withdrawal of appellees'

---

[1] DR 7-105(A) states: "A lawyer shall not present, participate in presenting, or threaten to present criminal charges solely to obtain an advantage in a civil matter."

no contest pleas. The judgment is reversed as to the dismissal of the charges, and those charges are reinstated. The cause is remanded for further proceedings.

*Judgment affirmed in part, reversed in part and cause remanded.*

ANN McMANAMON, P.J., and J. V. CORRIGAN, J., concur.