## Grubb v. Hollingsworth
[Cite as 7 AOA 530]

*Case No. CA90-02-003*
*Preble County, (12th)*
*Decided October 15, 1990*

*John A. Poppe, 1100 West Auglaize Street, Wapakoneta, Ohio 45895, for Plaintiff-Appellee.*

*Hugh D. Holbrock, George N Jonson, Timothy R. Evans and Hillary G. Miller, Holbrock & Jonson Law Firm, 315 South Monument Avenue, Hamilton, Ohio 45011, for Defendant-Appellant.*

YOUNG, J.

On December 7, 1985, defendant-appellant, Isaac Hollingsworth, shot and killed Franklin Grubb. Hollingsworth, asserting self-defense, was acquitted of manslaughter charges, and a subsequent wrongful death action was voluntarily dismissed by plaintiff-appellee, Ada Grubb, administratrix of the estate of Franklin Grubb. Hollingsworth was represented in these matters by attorney Hugh Holbrock of the law firm of Holbrock & Jonson.

On March 4, 1988, Grubb refiled the wrongful death action. This time, Hollingsworth was represented by the firm of Early & Thomas.

During discovery, however, Hollingsworth substituted counsel and retained Holbrock. Grubb then filed a motion to disqualify Holbrock on the basis that a member of Holbrock's firm, Timothy R. Evans, represented a potential witness for Grubb in an unrelated criminal mater. The trial court, finding a "potential for significant conflict," disqualified Holbrock and his firm from further representing Hollingsworth in the wrongful death action. Hollingsworth appealed and raised a single assignment of error:

"THE COURT ERRED IN DISQUALIFYING HUGH HOLBROCK AS DEFENDANT'S ATTORNEY IN THIS MATTER."

The authority of a trial court to regulate the conduct of counsel before it was succinctly stated in *Mentor Lagoons, Inc. v. Rubin* (1987), 31 Ohio St. 3d 256, 259-260:

"*** A trial court has the 'inherent power to regulate the practice before it and protect the integrity of its proceedings ***' including the 'authority and duty to see to the ethical conduct of attorneys ***.'" *Royal Indemnity Co. v. J. C. Penney Co.* (1986), 27 Ohio St. 3d 31, 33-34, 27 OBR 447, 449, 501 N.E. 2d 617, 620; ***. This includes the inherent authority of dismissal or disqualification from a case if an attorney cannot, or will not, comply with the Code of Professional Responsibility when representing a client. *** This power is distinct from the exclusive authority of the Supreme Court of Ohio over attorney disciplinary proceedings, and does not conflict with such power. *** Indeed we hasten to approve and encourage courts throughout this state in their efforts to halt unprofessional conduct and meet their responsibilities in reporting violations of the Code. ***" (Citations omitted.)

Thus, "under appropriate circumstances, an attorney may be disqualified from continued participation in ongoing litigation in the event of truly egregious misconduct ***." *Maple Hts. v. Redi Car Wash* (1988), 51 Ohio App. 3d 60, 61. A trial court is vested with wide discretion in this regard, and the court's ruling will not be disturbed absent a showing that the court abused its discretion. *Id.*

In the present case, the trial court disqualified Holbrock essentially because a member of his firm currently represents a potential witness for Grubb, Johnny Graham, in an unrelated federal criminal matter. There also appears to have been some contact between Holbrock and Graham during Holbrock's representation of Hollingsworth on the manslaughter charges. The nature and extent of this relationship, however, is not clear from the record before us. In any event, we find the relationship between Holbrock and/or any member of his firm and Graham to be too tenuous to justify the disqualification of Holbrock and his firm from representing Holingsworth in a wrongful death action which is unrelated to the representation of Graham.

Counsel for Grubb intimates that the only reason Hollingsworth retained Holbrock was to intimidate Graham and prevent him from testifying. This allegation, however, is wholly unsubstantiated in the record. Holbrock previously represented Hollingsworth in a criminal matter connected with this case, and in the first wrongful death action filed by Grubb. It is entirely possible that Hollingsworth merely desired counsel that was familiar with the facts and circumstances of the case. Absent specific evidence in the record, it is not for the court to speculate as to why a party chose a particular attorney or firm to represent him.

While there may be a potential for conflict should Graham testify in the instant matter, there has been no showing of "egregious misconduct" on the part of Holbrock or his firm which would affect the integrity and fairness of the proceedings. *Redi Car Wash, supra.* The trial court even indicated in its decision that "[d]efense counsel states that he understands his obligation and that he will not disclose confidential information through cross-examination or otherwise." Under such circumstances, we find the disqualification of defense counsel to be an abuse of discretion. The assignment of error is sustained.

*Judgment reversed.*

JONES, P.J., and KOEHLER, J., concur.