OPINION
Appellant Frank Barton is appealing the trial court's denial of his request to withdraw his guilty plea and two provisions of his probation from the Muskingum County Court of Common Pleas. The following facts give rise to this appeal.
The Muskingum County Grand Jury indicted appellant on three unclassified felonies for violating R.C. 3734.03 and R.C. 3734.99, Ohio's Open Dumping law. These charges arise from a business appellant formed in 1991 called Tire Processors, Inc. Appellant's company, collected for a fee, solid waste in the form of scrap tires. Appellant intended to shred the tires and mix them with coal to create a "tire derived fuel". Although appellant did not own the necessary equipment to turn the tires into fuel, he began collecting and dumping scrap tires at an old coal mine located in Perry County.
In November of 1992, the Perry County Health Department received a complaint concerning the tires dumped at the coal mine. The health department inspected the coal mine and found the tire piles too large, no fire lanes and appellant had not taken appropriate steps to control mosquitos. On March 4, 1993, the health department gave appellant thirty days to comply with tire storage laws. On April 3, 1993, one day before the health department's inspection, the tires at the coal mine caught fire and burned for approximately seven days. As a result of the fire, the health department ordered appellant to close this site until is was properly cleaned.
After this closing in Perry County, appellant began dumping tires in Muskingum County at the old Roseville prison. Appellant filled the prison with tires and again failed to observe safety regulations. In July of 1993, the Ohio EPA and the Muskingum County Health Department inspected the prison and informed appellant that he had to start storing the tires properly. In October of 1993, appellant leased a portion of an old warehouse, in South Zanesville, and began dumping tires in the warehouse. In January of 1994, appellant shut down Tire Processors and left these three sites littered with thousands of scrap tires. Appellant transferred his equipment and employees to a company called Phoenix Recycling Industries, which is also a tire recycling company. Phoenix Recycling Industries, Ltd. denied any responsibility for the tire dumps.
On May 1, 1996, the Muskingum County Grand Jury indicted appellant on three counts of violations of R.C. 3734.03 and R.C.3734.99. Following a continuance upon appellant's request, the trial court scheduled this matter for trial on June 3, 1997. On this date, appellant entered a guilty plea to the charges contained in the indictment. As part of the pre-sentence investigation, the trial court conducted an examination of appellant's financial status. The trial court set appellant's sentencing hearing for December 15, 1997. However, on December 9, 1997, appellant filed a motion to withdraw his guilty plea. Following a hearing on December 15, 1997, the trial court denied appellant's motion and sentenced appellant to four years, concurrent, on each count contained in the indictment and ordered appellant to pay court costs. The trial court suspended appellant's sentence and placed him on probation for five years.
Appellant timely filed a notice of appeal and sets forth the following assignments of error for our consideration:
 I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY DENYING APPELLANT'S MOTION TO WITHDRAW HIS GUILTY PLEA PURSUANT TO CRIMINAL RULE 32.1.
 II. THE TRIAL COURT ERRED OR ABUSED ITS DISCRETION BY ORDERING THAT THE PROPERTY BELONGING TO APPELLANT'S WIFE COULD NOT BE SOLD TRANSFERRED OR ENCUMBERED AND THAT 350,000 SHARES OF NORTH AMERICAN GAS CORPORATION STOCK BELONGING TO APPELLANT'S WIFE MUST BE TRANSFERRED TO THE APPELLANT.
 I.
Appellant contends, in his first assignment of error, the trial court abused its discretion when it denied his motion to withdraw his guilty plea. We disagree.
Crim.R 32.1 addresses the withdrawal of a guilty plea and provides:
 A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.
A motion to vacate a guilty plea is directed to the sound discretion of the trial court. State v. Xie (1992), 62 Ohio St.3d 521, paragraph two of the syllabus. A motion to withdraw a plea before sentencing should be freely allowed. See Maple Heights v.Redi-Car Wash (1988), 51 Ohio App.3d 60, paragraph two of the syllabus. The defendant must set forth a reasonable and legitimate basis for withdrawing a plea of guilty. Xie at 527. As an appellate court, we will not reverse a trial court's ruling on a motion to withdraw a guilty plea absent an abuse of discretion. An abuse of discretion connotes more than an error of law or judgment, it implies the trial court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
The court, in State v. Peterseim (1980), 68 Ohio App.2d 211, paragraph three of the syllabus, explained that a trial court does not abuse its discretion when it denies a motion to withdraw a guilty plea where: (1) the accused was represented by highly competent counsel; (2) the accused was afforded a full hearing, pursuant to Crim.R. 11, before entering the plea; (3) after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion; and (4) the record reveals that the trial court gave full and fair consideration to the plea withdrawal request.
In the case sub judice, appellant filed an affidavit in support of his motion to withdraw his guilty plea. In the affidavit, appellant sets forth several reasons in support of his motion. First, appellant maintains he felt he was in a "pressure cooker" because he did not have sufficient time to reflect and deliberate on his decision whether or not to enter a guilty plea because the judge and jury were waiting to begin the trial. Second, appellant claims his wife put pressure on him to enter a guilty plea because she was concerned about his health and worried that he may suffer another heart attack. Appellant's wife also wanted him to have a chance for probation. Finally, appellant maintains he was taking nitroglycerin pills, during the plea negotiations, because he was having angina pain from the pressure. Appellant argues that as a result of these pressures, he was not able to clearly and freely deliberate over this decision prior to entering the guilty plea and therefore, the plea was against his better judgment and will. Appellant also argues he believes he is innocent of the charges contained in the indictment.
The record in this matter indicates the trial court carefully advised appellant, pursuant to Crim.R. 11(C)(2), of the constitutional rights he waived by his guilty plea, to the charges contained in the indictment and concluded that appellant's plea was knowingly and voluntarily entered. Tr. June 3, 1997, at 7-9. The statements made by appellant, in support of his motion to withdraw his guilty plea, are illustrative of a change of heart or simple regret over the choice he made. They do not demonstrate his plea was not voluntary, intelligently or willingly made. A mere change of heart regarding a guilty plea and the possible sentence is insufficient justification for the withdrawal of a guilty plea. State v. Drake (1991), 73 Ohio App.3d 640, 645; Statev. Lambros (1988), 44 Ohio App.3d 102, 103.
Further, appellant's statement, in his affidavit, that he believes he is innocent of the charged offenses are insufficient to warrant grounds for vacating a plea knowingly entered. State v.McGowan (Oct. 3, 1996), Cuyahoga App. No. 68971, unreported; Statev. Kandiko (Feb. 9, 1995), Cuyahoga App. No. 66888, unreported;State v. Frank (Apr. 29, 1993), Cuyahoga App. No. 62201, unreported. Based upon the above, we find the trial court did not abuse its discretion when it overruled appellant's motion to withdraw his guilty plea. Appellant has not met his burden of establishing the trial court acted unreasonably, arbitrarily or unconscionably is denying his motion.
Appellant's first assignment of error is overruled.
 II
In his second assignment of error, appellant challenges the trial court's conditions of probation. Specifically, appellant refers to paragraphs twenty and twenty-two of the trial court's sentencing order of December 18, 1997. Paragraphs twenty and twenty-two provide:
 20. Defendant is prohibited from selling, transferring or encumbering any property, real or personal, with a value exceeding $100.00, which is owned by the Defendant, the Defendant's wife, or a corporation in which the Defendant is an officer, director, or shareholder without giving 30 days notice to the Attorney General and the Muskingum County Prosecutor. The notice should include a description of the property, the value of the property, and the amount of money or other assets received in exchange for the property. This includes the property in Union Township, Licking County, Ohio currently owned by Enchanted Lakes, Inc.
 22. Within thirty (30) days of the filing of this Sentencing Entry, Defendant is required to transfer back into his name the 350,000 shares of North American Gas Corporation Stock which he transferred to his wife, LaRaine Barton, on December 22, 1994.
Appellant contends the trial court had no statutory authority to make orders regarding his spouse and/or her property. Appellant argues such orders are tantamount to the trial court unconstitutionally taking her property without due process of law or without just compensation.
"Pursuant to R.C. 2951.02, the trial court is granted broad discretion in setting conditions of probation. Specifically, R.C.2951.02(C) provides that ` * * * [i]n the interests of doing justice, rehabilitating the offender, and insuring his good behavior, the court may impose additional requirements on the offender * * *. Compliance with the additional requirements shall also be a condition of the offender's probation or other suspension.'" State v. Jones (1990), 49 Ohio St.3d 51, 52. The Court further explained in Jones that
 [i]n determining whether a condition of probation is related to the `interests of doing justice, rehabilitating the offender, and insuring his good behavior,' courts should consider whether the condition (1) is reasonably related to rehabilitating the offender, (2) has some relationship to the crime of which the offender was convicted, and (3) relates to conduct which is criminal or reasonably related to future criminality and serves the statutory ends of probation. Id. at 53.
The state maintains, and we agree, the condition of probation contained in paragraph twenty is necessary because appellant has unlimited power to control LaRaine Barton's property. At the time of appellant's sentencing, the trial court learned that appellant and LaRaine Barton own a substantial amount of real estate in Morgan and Licking Counties. LaRaine Barton, through a power of attorney, gave appellant the "* * * unrestricted right to execute any and all documents, pertaining to any and all property whether real or personal which [she] might now own or * * * acquire * * *."
The trial court ordered appellant to pay $1,018,542 in restitution, which is the estimated clean up cost for the three properties at issue. We agree with the trial court that this provision was necessary, as it related to LaRaine Barton, to prevent appellant from using proceeds from the property owned by LaRaine Barton for purposes other than restitution. Currently, appellant pays between $50 to $100 in restitution. Should appellant decide to dispose of assets owned by himself or LaRaine Barton, the requirement of paragraph twenty of the sentencing order allows the probation department to more accurately evaluate appellant's ability to pay restitution.
Appellant also challenges the provision of paragraph twenty-two which requires LaRaine Barton to transfer back into appellant's name the 350,000 shares of North American Gas Corporation stock which he transferred to his wife on December 22, 1994. The state argues the transfer of stock occurred during the period of time appellant was accumulating enormous liabilities in connection with the dumping of the scrap tires. The state contends the transfer of the North American Gas Corporation stock was fraudulent under R.C. 1336.04 and was done merely to eliminate all assets in appellant's name.
We find this provision, contained in paragraph twenty-two, does not operate to deprive LaRaine Baron of property without due process of law. Paragraph twenty-two is directed to appellant, not LaRaine Barton. Since appellant has power of attorney to execute documents pertaining to personal property which LaRaine Barton owns, the trial court can order appellant to transfer the stock back into his name without violating LaRaine Barton's due process rights.
Appellant's second assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Muskingum County, Ohio, is hereby affirmed.
By: Wise, J., Farmer, P. J., and Hoffman, J., concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Muskingum County, Ohio, is affirmed