THE STATE, EX REL. WAITE, APPELLANT, *v.* BERRY ET AL., APPELLEES.

[Cite as State, ex rel. Waite, *v.* Berry (1984), 11 Ohio St. 3d 53.]

(No. 83-800—Decided May 23, 1984.)

54

*Allen M. Lehmkuhl Co., L.P.A.,* and *Mr. Allen M. Lehmkuhl,* for appellant.

*Messrs. Martin, Browne, Hull & Harper* and *Mr. Robin R. Freeman,* for appellees.

*Mr. J. Walter Dragelevich,* prosecuting attorney, *Mr. Chris R. Van Schaik* and *Ms. Barbara P. Gorman,* urging affirmance for *amicus curiae,* Ohio Prosecuting Attorneys Assn.

*Per Curiam.* As both lower courts and *amicus curiae* point out the practice as followed in the Clark County Prosecutor's office is not proscribed by Ohio law, and is customary in the smaller populated counties of Ohio. The arrangement of allowing county prosecutors in smaller populated counties to engage in a private practice of law can be beneficial to subdivisions such as Clark County, in that it ensures that the county is able to attract competent and experienced attorneys to the office of prosecuting attorney.

Appellant lodges numerous instances of misfeasance on the part of defendants in using public goods and services for private gain. However, both lower courts held that appellant failed to satisfy his burden of proof beyond his bare allegations. We decline to exposite the litany of incidents raised by appellant, because this court will not substitute its judgment for the trier-of-fact absent a manifest and clear abuse of discretion. Given this set of circumstances, the real issue involved in the case *sub judice* is whether the trial court's judgment was against the manifest weight of the evidence. The court of appeals answered this question in the negative, and we concur with that conclusion.

As this court held in *C.E. Morris Co.* v. *Foley Construction Co.* (1978), 54 Ohio St. 2d 279 [8 O.O.3d 261]:

"Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence."

See, also, *In re Sekulich* (1981), 65 Ohio St. 2d 13, 16 [19 O.O.3d 192]; *Frankenmuth Mut. Ins. Co.* v. *Selz* (1983), 6 Ohio St. 3d 169, 172; *State, ex rel. Shady Acres Nursing Home, Inc.,* v. *Rhodes* (1983), 7 Ohio St. 3d 7, 8-9; *Kinney* v. *Mathias* (1984), 10 Ohio St. 3d 72, 73; *Seasons Coal Co.* v. *Cleveland* (1984), 10 Ohio St. 3d 77, 80; *Cohen* v. *Lamko, Inc.* (1984), 10 Ohio St. 3d 167.

A careful review of the record in the instant case reveals that there is competent and credible evidence supporting the ruling of the trial court, and we see no compelling reason for reversing this decision.

The testimony proffered at trial indicated that although there was a mixing of work duties between the business of the prosecutor's office and the private law practice, priority was uniformly given to the business of the prosecutor's office. The evidence also revealed that much of the office furniture, supplies and improvements made to the prosecutor's office were paid out of the law partnership's funds without reimbursement from the county. The evidence and testimony elicited at trial clearly discloses, as the trial court held, that the appellees have not violated any criminal statute either directly or indirectly.

Accordingly, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

CELEBREZZE, C.J., KOEHLER, SWEENEY, LOCHER, HOLMES, C. BROWN and J.P. CELEBREZZE, JJ., concur.

KOEHLER, J., of the Twelfth Appellate District, sitting for W. BROWN, J.

LOCHER, J., concurring. This case unquestionably falls under the dictates of the "manifest weight of evidence" standard in our resolution of the factual concerns before us. As a consequence we will not reweigh the validity of evidence presented.

I concur, however, to emphasize the importance of recognizing that an aura of impropriety clearly attaches to the commingling of public and private funds and facilities. In large measure the difficulties leading to the litigation herein were occasioned by appellees' extremely sloppy record keeping. If public prosecutors are to be allowed to form a symbiotic relationship between public and private practices, a concomitant affirmative obligation arises to diligently maintain the proper records for both practices.

The appellees here were fortunate to be able to convince the finder of fact. The potential for abuse is, however, too substantial to allow lesser standards for dual practice public prosecutors than we do for purely private practitioners. Public prosecutors should not take our decision today as a license to act with any lesser zeal in their primary obligations to the public or to their private practice clientele. The diligent maintenance of proper records is necessary in this regard to uphold the trust of the public in our judicial system.