IN RE WELLESLEY CORPORATION, A.K.A. WELLINGTON HOSPITAL.

[Cite as In re Wellesley Corp. (1985), 18 Ohio St. 3d 176.]

(No. 84-1037—Decided July 10, 1985.)

*Richard D. Goldberg* and *Matthew C. Giannini,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, and *James G. Neary,* for appellee.

*Per Curiam.* The sole issue presented for our review is whether the decision to not issue a certificate of need to appellant was supported by reliable, probative, and substantial evidence.

In order to properly issue a certificate of need, SHPDA is charged with the responsibility of making certain required findings, pursuant to the Ohio Administrative Code, as a prerequisite to the issuance of such a certificate. Ohio Adm. Code 3701-8-25, entitled "Required SHPDA findings," which was in effect at the time appellant's application was made, provides in relevant part:

"(A) Inpatient facilities. In the case of any proposed new institutional health service for the provision of health services to inpatients, except for inpatient proposals subject to 42 C.F.R. section 123.411(c)(2), *the SHPDA shall not grant a certificate of need under its certificate of need program,* nor otherwise make a finding that such proposed new institutional health service is needed, *unless,* after consideration of the efficiency and appropriateness of the use of existing inpatient facilities providing inpatients services similar to those proposed, and the capital and operating costs (and their potential impact on patient charges) efficiency, and appropriateness of the proposed new institutional health service, *the SHPDA makes each of the following findings in writing*:

"(1) That superior alternatives to such inpatient services in terms of cost, efficiency, and appropriateness do not exist and that the development of such alternatives is not practicable;

"(2) That in the case of new construction, alternatives to new construction (e.g. modernization or sharing arrangements) have been considered and have been implemented to the maximum extent practicable;

"(3) That patients will experience serious problems in terms of cost, availability or accessibility or such other problems as may be identified by the reviewing agency, in obtaining inpatient care of the type proposed, in the absence of the proposed new services;

"* * *

"(C) The SHPDA shall not grant a certificate of need unless it makes the following findings of fact in writing: that, if the project proposal results in increased or additional health care costs or charges, there is

evidence that the new institutional health service is likely to maintain or improve the health status of the population to be served by reducing risks to which patients or workers are subjected, reducing morbidity and mortality, or preventing or more effectively treating illness, disease, or disability, and that the proposed service will be used only when medically necessary." (Emphasis added.)

Based upon the precise language set forth in the foregoing Ohio Adm. Code sections, it is clear that SHPDA must make all of the above findings before it can properly issue a certificate of need. Pursuant to R.C. 119.12, if SHPDA's decision is supported by reliable, probative, and substantial evidence, its decision must be affirmed. However, R.C. 119.12 does not contemplate a *de novo* hearing in the reviewing court. *Andrews* v. *Bd. of Liquor Control* (1955), 164 Ohio St. 275 [56 O.O. 247].

The evidence adduced below revealed, *inter alia,* that Trumbull and Mahoning Counties were "area[s] of no growth" and that existing facilities in the area were below capacity. Testimony given by the consultant assigned to review appellant's application before SHPDA indicated that if such a facility as proposed by appellant were to be built, it would be better situated in neighboring Columbiana or Ashtabula counties.

Appellant contends that the evidence it proffered below was reliable, probative, and substantial, thus showing a need for its proposed "tertiary" psychiatric facility. Appellant also seems to argue, *sub silentio,* that the review board's decision not to issue a certificate of need was against the manifest weight of the evidence.

Appellant's argument in the first instance misses the point. The standard of review from an administrative agency's determination pursuant to R.C. 119.12 is not whether the evidence proffered by the petitioner is reliable, probative, and substantial; rather, the standard is whether the decision rendered by the agency is supported by reliable, probative, and substantial evidence. Our review of the record herein leads us to conclude that the decision reached below, to not issue a certificate of need to appellant, was supported by reliable, probative, and substantial evidence, and was made in accordance with law.

One of the findings required under the applicable Ohio Administrative Code provisions concerns the possible development of superior alternatives to the proposed facility. There was testimony given indicating that the conversion of existing, unused beds in area hospitals would be an effective and less expensive alternative. Additional testimony given by two experts disclosed that ample facilities already existed in the area for the kind of treatment proposed by appellant, and that the existing facilities were under-utilized. Based upon this and other evidence, we find that the court of appeals did not abuse its discretion in affirming the decision to not issue appellant a certificate of need.

Similarly, we do not believe that the decision rendered below was against the manifest weight of the evidence. As this court has oft-stated:

"Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." *C.E. Morris Co.* v. *Foley Construction Co.* (1978), 54 Ohio St. 2d 279 [8 O.O.3d 261]; *Kinney* v. *Mathias* (1984), 10 Ohio St. 3d 72, 73; *Seasons Coal Co.* v. *Cleveland* (1984), 10 Ohio St. 3d 77, 80; *State, ex rel. Waite,* v. *Berry* (1984), 11 Ohio St. 3d 53, 54.

Based upon all of the foregoing, the judgment of the court of appeals is hereby affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES, C. BROWN, DOUGLAS and WRIGHT, JJ., concur.