OPINION
Jill Gillam is appealing from the judgment of the Montgomery County Common Pleas Court denying Ms. Gillam's Civil Rule 60(B) motion to vacate the court's dismissal of her case on April 19, 1999.
On February 10, 1996, Ms. Gillam was injured in an automobile accident involving herself and Joe Johnson, an Appellee. Ms. Gillam filed a lawsuit against Mr. Johnson, U-Dan, Inc., and Thomas Gruber (hereinafter "Appellees") to recover for injuries sustained in the accident. Ms. Gillam asserts that she has medical bills from this accident of $27,369.25. Participating in the discovery process, Ms. Gillam answered interrogatories, completed a document request, executed medical and employment authorizations and prepared for and attended a deposition. Appellees noticed an independent medical examination (hereinafter "exam") for Ms. Gillam on December 10, 1998. Failing to appear for this exam, Ms. Gillam explained that she was never informed by counsel of the date.
Shortly thereafter Ms. Gillam and Appellees entered into an agreement for binding arbitration. As part of the agreement, Ms. Gillam was to attend an exam on an agreed upon date. On January 19, 1999, Appellees noticed an appointment for a second exam on February 11, 1999. Ms. Gillam received a letter notifying her of the date of the exam, however as the date approached she misplaced the letter. Ms. Gillam made several attempts to contact her attorney to find out when the exam was supposed to occur, but her attorney did not return her telephone calls. Several days after the exam date, Ms. Gillam learned that the date for the exam had passed and she had once again missed the exam. Ms. Gillam assured her attorney that she would appear for the next scheduled exam and would pay any costs associated with the missed exam., Appellees filed a motion to dismiss the action due to Ms. Gillam's failure to appear at the second scheduled exam, which the trial court granted on April 19, 1999. Ms. Gillam appealed the dismissal to this Court, which, on October 29, 1999, affirmed the judgment of the trial court.
On February 29, 2000, Ms. Gillam filed a motion for relief from judgment pursuant to Civil Rule 60(B)(1) with the trial court. The trial court overruled Ms. Gillam's motion for relief on June 7, 2000. Ms. Gillam filed her notice of appeal from that judgment on June 29, 2000.
Ms. Gillam raises one assignment of error, that the trial court abused its discretion by denying Appellant's motion to vacate judgment. We agree.
In reviewing a trial court's judgment on a Rule 60(B) motion, a court of appeals may only reverse the judgment upon a finding of abuse of discretion by the trial court. GTE Automatic Elec., Inc. v. ARCIndustries, Inc. (1976), 47 Ohio St.2d 146, 1 O.O.3d 86. In order to constitute an abuse of discretion, the trial court's judgment must be unreasonable, arbitrary, or unconscionable. Kahn v. Kahn (1987),42 Ohio App.3d 61; Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. The trial court's decision should be affirmed if it is supported by competent credible evidence. In re Wellesley Corp. (1985), 18 Ohio St.3d 176,179; C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, 8 O.O.3d 261; In re Annexation of Riveredge Twp. To Fairview Park (1988),46 Ohio App.3d 29, 31.
First, we will address Appellee's argument that the trial court was divested of authority to hear a motion for relief from judgment by Ms. Gillam's appeal of the trial court's dismissal of the case. The Ohio Supreme Court has held that when an appeal is pending the trial court errs by ruling on a Rule 60(B) motion for relief from judgment because the trial court has been divested of authority to consider a Rule 60(B) motion, unless the appellate court remands the authority for the Rule 60(B) motion to the trial court. Howard v. Catholic Social Servs. ofCuyahoga Cty., Inc. (1994), 70 Ohio St.3d 141, 147, citing State ex rel.East Mfg. Corp. v. Ohio Civ. Rights Comm. (1992), 63 Ohio St.3d 179,181; Klinginsmith v. Felix (1989), 62 Ohio App.3d 147; and Majnaric v.Majnaric (1975), 46 Ohio App.2d 157, 75 O.O.2d 250.
However in Majnaric, supra, which the Ohio Supreme Court cited in its decision in Howard, the Ninth District Court of Appeals found that a trial court could permissibly wait to rule on a Rule 60(B) motion for relief until after the appeal was decided. The Majnaric court stated that to hold that an individual must wait to file an appeal until after receiving a ruling on a motion to vacate would unfairly place an appellant in the position of being forced to choose between an appeal as of right and receiving relief from judgment under Rule 60(B). Id.
Further, our Court has previously stated that nothing prevents an appellant from pursuing a Rule 60(B) motion for relief from judgment after the appellate court had ruled to affirm a final judgment of the trial court disposing of the case. Bailey v. Trimble (Dec. 30, 1994), Montgomery App. No. 14557, unreported; see also Bailey v. Trimble (Sept. 13, 1995), Montgomery App. No. 15235, unreported (reversing the trial court's denial of the subsequently filed motion for relief) (hereinafter "Bailey II").
Additionally, the Eighth District Court of Appeals in Wells v. SpiritFabricating, Limited, after an appeal affirming the trial court's decision assessing damages, not only permitted a Rule 60(B) motion for relief to be filed and sustained, but held that for Rule 60(B)(1) motions for relief from judgment, the one year time limitation imposed by the Ohio Supreme Court in GTE is tolled by the pendency of an appeal. Wellsv. Spirit Fabricating, Ltd. (1996), 113 Ohio App.3d 282. Furthermore, the First and Ninth Districts Courts of Appeals have followed Wells and held that Rule 60(B) motions for relief from judgment could be filed after the final judgment from a trial court had received a dispositive judgment from an appellate court and that the appeal tolled the one year time limitation. Madison Designs, Inc. v. Fifth Third Bank (May 1, 1998), Hamilton App. No. C-970181, unreported; RPM, Inc. v. Oatey Co.
(Aug. 20, 2000), Medina App. No. 2960-M, unreported. Finally, the Eleventh District Court of Appeals has also stated that although a trial court may be prohibited from ruling on a Rule 60(B) motion during the pendency of the appeal, nothing prevents a trial court from ruling on a motion for relief and reinstating the case after the appellate court issues its decision. Willoughby- Eastlake City School Dist. v. LakeCty. Court of Common Pleas (Apr. 21, 2000), Lake App. No. 99-L-130, unreported.
Based on the opinions of the several courts listed above, we agree with Ms. Gillam that the trial court had authority to hear her Rule 60(B) motion for relief. The Ohio Supreme Court decisions clearly state that during the pendency of an appeal, the trial court may not rule on a Rule 60(B) motion of relief. However, the Ohio Supreme Court does not prohibit the trial court from ruling on Rule 60(B) motions for relief after the appeal has expired. We agree with Majnaric that to hold that the filing of an appeal permanently removes consideration of a Rule 60(B) motion would cause injustice by forcing an appellant to choose between timely filing an appeal or filing a Rule 60(B) motion for relief, when both are legally valid actions. Thus, we disagree with Appellee's argument and find that the trial court had authority to hear Ms. Gillam's Rule 60(B) motion for relief from judgment.
As for Ms. Gillam's assignment of error, she argues that the trial court committed an abuse of discretion by denying her 60(B) motion without having an evidentiary hearing because she met all of the GTE
requirements. Yet, Appellees argue that no hearing was necessary as Ms. Gillam's allegations failed to meet the second and third requirements of a Rule 60(B) motion for relief from judgment — excusable neglect under Rule 60(B)(1) and timeliness.
The trial court abuses its discretion when the Rule 60(B) motion contains allegations of operative facts which would warrant relief from judgment and the trial court rules on the motion without holding an evidentiary hearing. State ex rel. Richard v. Seidner (1996),76 Ohio St.3d 149; Kay v. Marc Glassman, Inc. (1996), 76 Ohio St.3d 18;Coulson v. Coulson (1983), 5 Ohio St.3d 12 . The Ohio Supreme Court has stated that:
 To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate (1) the party has a meritorious claim to present if relief is granted; 2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after judgment, order or proceeding was entered or taken.
 GTE, supra. If a movant has demonstrated all three factors then it is an abuse of discretion for the trial court to deny relief. Mount Olive Baptist Church v. Pipkins Paints Home Improvement Ctr., Inc.
(1979), 64 Ohio App.2d 285, 18 O.O.3d 319.
Regarding the second requirement, Rule 60(B)(1) provides relief from final judgment to a party for "mistake, inadvertence, surprise or excusable neglect." Civ.R. 60(B)(1). Neglect is not excusable when it constitutes "a complete disregard for the judicial system and the rights of the appellee." GTE, supra. To determine if conduct is "excusable neglect" the court must look at the facts and circumstances in each case, yet remembering that "excusable neglect" is a remedial rule and is to be liberally construed. D.G.M., Inc. v. Cremeans Concrete SupplyCo., Inc. (1996), 111 Ohio App.3d 134; McGee v. C S Lounge (1996),108 Ohio App.3d 656. This Court has held in Bailey II that when an attorney's conduct was not substantially below what was reasonable under the circumstances it is excusable neglect. Bailey II, supra (holding that an attorney's failure to attach an affidavit to a motion for summary judgment was excusable neglect). The Eleventh District Court of Appeals has held that a party "forgetting" to attend a trial date was excusable neglect. Blankenship v. Rick Case Honda/Isuzu (Mar. 27, 1987), Portage App. No. 1669, unreported. Also, the Eighth District Court of Appeals has held that a party committed excusable neglect when he failed to answer interrogatories, document requests, requests for admissions, and failed to attend his noticed depositions because he had received no notification of the discovery requests from his attorney; Goodrick v.Duqum (Aug. 5, 1993), Cuyahoga App. No. 63327, unreported; even though generally, the neglect of a party's attorney is imputed to the party;Argo Plastic Prods. Co. v. Cleveland (1984), 15 Ohio St.3d 389. In another case, the Eighth District Court of Appeals held that a party committed excusable neglect when he missed a trial date due to a lost schedule book while he was campaigning for lieutenant governor. Ruckerv. Cvelbar Body and Paint Co. (Dec. 7, 1995), Cuyahoga App. No. 68573, unreported.
The trial court was arbitrary in its decision that Ms. Gillam's conduct did not amount to excusable neglect. The trial court in its decision only states that Ms. Gillam failed to continuously cooperate in furtherance of her case and therefore her neglect was not excusable. The affidavit of Ms. Gillam stated that she had participated in all previous discovery requests — completed interrogatories, a document request, and signed and executed medical and employment authorizations. In addition, Ms. Gillam related that she prepared for and attended a deposition in furtherance of her case. Ms. Gillam stated that she had missed a December 1998 exam when she failed to receive notification from her attorney of the exam. Further, Ms. Gillam explained that she simply forgot the date for the February 1999 exam, having misplaced the letter informing her of the date. Upon forgetting the date, Ms. Gillam asserted that she made several attempts to contact her attorney to find out the date and received no return telephone calls. Moreover, Ms. Gillam assured her attorney that she would appear for an exam and that she would pay all of the costs associated with the missed exam. Additional evidence before the trial court was the notices of the December 1998 and February 1999 exam and the affidavit of an attorney for two of the Appellees, which stated Ms. Gillam had missed the December and February exams and that the parties had entered into a binding arbitration agreement contingent on Ms. Gillam appearance at an exam.
The trial court's judgment was arbitrary because no competent credible evidence was before the court which would support the court's findings that Ms. Gillam failed to continuously cooperate in furtherance of her case and as a result that her failure to appear was inexcusable neglect. Rather, the evidence demonstrates that Ms. Gillam cooperated in furtherance of her case since Ms. Gillam participated in several discovery requests, submitted to a deposition, and continued to express a willingness to attend an exam. Additionally, this case is similar toBlankenship and Rucker, in that Ms. Gillam simply "forgot" the date for the second exam as in Blankenship and lost the letter informing her of the date as in Rucker. As for the December 1998 exam, Ms. Gillam was not informed by her attorney of the date of the exam, like the party inGoodrick which was held to be excusable neglect. Even if the conduct of Ms. Gillam's attorney is attributed to her in failing to notify her of the first exam and in failing to return her calls to give her the date of the new exam, this conduct was not substantially below what was reasonable under the circumstances and thus, pursuant to Bailey II, was excusable neglect. Moreover, Ms. Gillam forgetting the date of the exam and missing it does not amount to "a complete disregard for the judicial system and the rights of the appellee," but rather is excusable neglect, particularly when Ms. Gillam is willing to attend another exam and to pay the costs associated with the missed exam. The decision of the trial court was arbitrary and thus an abuse of discretion.
 Addressing the third requirement under GTE, Appellees argue that Ms. Gillam does not meet this requirement for a Rule 60(B) motion for relief because her motion was not filed within a reasonable time. The Ohio Supreme Court has held that in order to prevail on a motion for relief from judgment the motion must be filed within a reasonable time and if the grounds for relief are Rule 60(B)(1) then the motion must be filed not more than one year after judgment. GTE, supra. In addition, as stated earlier, the courts in Wells, Madison Designs, and RPM, supra each held that the filing of an appeal of a decision tolls the one year limitation for Rule 60(B)(1) motions for relief from judgment.
If a meritorious defense is alleged, a trial court errs in denying a Rule 60(B) motion for relief without first determining whether the motion was filed in a reasonable time. Keeney v. Derrick (Dec. 22, 1995), Lake App. No. 95-L-068, unreported; see also Bailey II, supra (remanding to the trial court when it made no finding on timeliness because it had erroneously found that the party's neglect was inexcusable). In considering the timeliness of Rule 60(B) motions, each case must be decided on its own facts as a delay of twelve weeks has been held unreasonable while a delay of four years has been held reasonable. Foutsv. Weiss-Carson (1991), 77 Ohio App.3d 563; In re Dissolution of Marriageof Watson (1983), 13 Ohio App.3d 344; see also, Doyle v. Doyle (Oct. 9, 1998), Greene App. No. 97 CA 143, unreported; McGee, supra; MaximFinancial, Inc. v. Dzina (Dec. 2, 1993), Cuyahoga App. No. 65206, unreported; Sec. Fed. Sav. and Loan Assn. of Cleveland v. Keyes (June 29, 1990), Geauga App. No. 89-G-1524, unreported; United States LeasingCorp. v. Washington (Dec. 7, 1989), Franklin App. No. 89-AP 178, unreported; Mount Olive, supra.
In the instant case, the trial court did not deny Ms. Gillam's motion because it was untimely, instead the court made no finding as to the timeliness of her motion. Even though Ms. Gillam's motion was filed within one year of the trial court's dismissal of her case, Appellees argue that it is untimely. Under Wells, Madison Designs, and RPM, Ms. Gillam's one year limitation for her Rule 60(B) motion was tolled until this Court's October 29, 1999, decision affirming the judgment of the trial court. Ms. Gillam filed her motion for relief on February 29, 2000, four months after this Court's decision. Pursuant to Keeney andBailey II, it was arbitrary of the trial court to deny Ms. Gillam's Rule 60(B) motion for relief from judgment without a determination of whether her motion, requested four months after the appellate court's decision, was filed within a reasonable time where she has a meritorious claim and committed excusable neglect. Thus, the trial court committed an abuse of discretion.
The assignment of error is sustained, the judgment of the trial court is reversed, and this case is remanded to the trial court for further proceedings consistent with this opinion.
BROGAN, J. and WOLFF, J., concur.