Smith *v.* Kates.

Citizens' Bar Association (of non-attorneys), Inc., et al. *v.* Talty, Judge.

[Cite as Smith v. Kates (1976), 46 Ohio St. 2d 263.]

(Nos. 75-17 and 76-82—Decided May 26, 1976.)

264

*Mr. Fred L. Smith,* for complainant (case No. 75-17).

*Mr. Nathaniel Kates,* for defendant (case No. 75-17).

*Mr. Donald V. White,* for complainants (case No. 76-82).

*Mr. John T. Corrigan,* prosecuting attorney, and *Mr. Joseph F. Donahue,* for defendant (case No. 76-82).

*Per Curiam.* Neither complaint filed herein complies with the procedural requirements of Gov. R. V.

Gov. R. V(4) provides that "* * * all proceedings with regard to * * * complaints and grievances involving alleged misconduct by attorneys and counselors at law and judges * * * shall be brought, conducted and disposed of in accordance with the provisions of this rule."

Gov. R. V(8) requires that a disciplinary proceeding be initiated by the filing of a complaint with the Secretary of the Board of Commissioners on Grievances and Discipline. "Such complaint shall not be accepted for filing unless it is signed by one or more members of the Bar in Ohio in good standing * * * and supported by a certificate in writing signed either by the Chairman of the Committee on Legal Ethics and Professional Conduct of the Ohio State Bar Association or by the President, Secretary, or Chairman of the Grievance Committee of any regularly organized local bar association in the state (which association shall be deemed the relator) * * *. Such certification shall constitute a representation that, after investigation, the relator believes reasonable cause exists to warrant a hearing on such complaint* * *."

Once a complaint is filed, the board of commissioners

is empowered to "receive, entertain, inquire into, take evidence, preserve the record, make findings and submit recommendations to this court\* \* \*." Gov. R. V(2).

Clearly, the complaints filed in these causes do not comply with the requirements of Gov. R. V. Neither complaint bears the signature and certification of an appropriate state or local bar association official. Neither complaint was filed with the secretary of the board of commissioners.

The complainants rely upon R. C. 4705.02, in an attempt to invoke the jurisdiction of this court independently of the participation of a local or state bar association.

In 1909, this court held that jurisdiction over disbarment proceedings is inherent in the judicial branch of government, and cannot be restricted or regulated by statute. *In re Thatcher* (1909), 80 Ohio St. 492. This pronouncement was reaffirmed in *In re McBride* (1956), 164 Ohio St. 419, and is now embodied in Section 2(B) (1), Article IV of the Ohio Constitution, which provides:

"The Supreme Court shall have original jurisdiction in the following:

"\* \* \*

"(g) Admission to the practice of law, the discipline of persons so admitted, and all other matters relating to the practice of law."

In December 1956, an amendment to Rule XXVII of the Supreme Court was adopted. That rule as amended, now Gov. R. V, created the Board of Commissioners on Grievances and Discipline, vested the secretary of that board with the sole authority to receive complaints of alleged misconduct, and established the procedures to be followed by that board in the conduct of disciplinary proceedings. In *Cleveland Bar Assn.* v. *Pleasant* (1958), 167 Ohio St. 325, the constitutional validity of Rule XXVII was upheld. Section 5(B), Article IV of the Ohio Constitution, adopted May 7, 1968, now expressly provides:

"The Supreme Court shall prescribe rules governing practice and procedure in all courts of the state \* \* \*. All

laws in conflict with such rules shall be of no further force or effect after such rules have taken effect."

In view of the foregoing, R. C. 4705.02 is of no force and effect with regard to our jurisdiction over the discipline of attorneys. Our authority is exclusive and absolute. A disciplinary proceeding may be initiated only by compliance with Gov. R. V.

In case No. 76-82, the complainants also rely upon R. C. 2701.12 as a means by which jurisdiction may be conferred upon this court. R. C. 2701.11 defines the procedure to be employed when suspending or removing a judge from office. R. C. 2701.12 delineates the causes upon which such suspension or removal may be based. R. C. 2701.11 provides, in part:

"Subject to rules implementing Sections 2701.11 and 2701.12 of the Revised Code, that shall be promulgated by the Supreme Court, upon written and sworn complaint setting forth the cause or causes and after reasonable notice thereof and an opportunity to be heard, any judge may be retired for disability, removed for cause, or suspended without pay for cause by a commission composed of five judges of this state, all of whom shall be appointed by the Supreme Court from among judges of the courts of record located within the territorial jurisdiction in each of any five of the appellate districts, not including that within which the respondent judge resides.

"Such a commission shall be appointed by the Supreme Court upon receipt of a report of its board of commissioners on grievances and discipline that such board has received a written and sworn complaint alleging that cause exists for retirement, removal, or suspension of a judge under Section 2701.12 of the Revised Code, and that upon investigation and a finding by at least two-thirds of the members of such board that there is substantial credible evidence in support of such complaint* * *."

Pursuant to R. C. 2701.11, this court adopted, effective February 11, 1966, what is now Gov. R. VI, setting forth in specific terms the procedure to be followed when the suspen-

sion or removal of a judge is sought. Both R. C. 2701.11 and Gov. R. VI(1) (a) require that such an action be initiated by the filing of a certified complaint with the Board of Commissioners on Grievances and Discipline. The complainants in case No. 76-82 have made no effort to comply therewith.

We applaud the vigilance of those who share our concern for the integrity of bench and bar. It is one measure of that integrity, however, that a system of ordered procedure be defined and followed. Because the complainants herein have not complied with Gov. R. V, and the complainants in case No. 76-82 with Gov. R. VI and R. C. 2701.-11, the motion to dismiss, filed by the defendant in each case, is granted.

*Complaints dismissed.*

O'NEILL, C. J., HERBERT, STERN, W. BROWN and P. BROWN, JJ., concur.

CORRIGAN and CELEBREZZE, JJ., not participating.