MELLING, APPELLEE, *v.* STRALKA, JUDGE, APPELLANT.

[Cite as Melling *v.* Stralka (1984), 12 Ohio St. 3d 105.]

(No. 83-1306—Decided July 18, 1984.)

*Gold, Rotatori, Schwartz & Gibbons Co., L.P.A.,* and *Mr. Niki Z. Schwartz,* for appellee.

*Judge Kenneth R. Stralka, pro se.*

*Per Curiam.* The determinative issue before the court in the instant case is whether a municipal court judge has the authority to issue an order prohibiting all city solicitors, law directors, municipal and county prosecutors, and the assistants thereof, from representing defendants in criminal matters pending before his court. We find that he does not have this authority.

Section 2(B)(1), Article IV of the Ohio Constitution provides:

"The supreme court shall have original jurisdiction in the following:

"* * *

"(g)   Admission to the practice of law, the discipline of persons so admitted, and all other matters relating to the practice of law."

Section 5(B), Article IV of the Constitution further provides, in relevant part:

"The supreme court shall prescribe rules governing practice and procedure in all courts of the state * * *. All laws in conflict with such rules shall be of no further force or effect after such rules have taken effect.

"* * * The supreme court * * * shall make rules governing the admission to the practice of law and discipline of persons so admitted."

We have previously held that the foregoing constitutional provisions grant plenary rulemaking authority to the Supreme Court, which authority is necessary for a uniform, effective governance of the practice of law in this state. See *South High Development, Ltd.* v. *Weiner, Lippe & Cromley Co., L.P.A.* (1983), 4 Ohio St. 3d 1; *Smith* v. *Kates* (1976), 46 Ohio St. 2d 263 [75

O.O.2d 318]. See, also, *Morrison* v. *Steiner* (1972), 32 Ohio St. 2d 86 [61 O.O.2d 335]. Although Section 5(B), Article IV of the Constitution also permits the lower courts to "adopt additional rules concerning local practice in their respective courts which are not inconsistent with the rules promulgated by the supreme court," this local rulemaking authority is not unlimited. See, *e.g., DeHart* v. *Aetna Life Ins. Co.* (1982), 69 Ohio St. 2d 189 [23 O.O.3d 210].

For the most part, local rules should be directed toward "the prompt and efficient dispatch of justice," *DeHart, supra,* at page 192, and local rules of practice that are rationally related to this goal normally will be upheld. The "rule" promulgated by Judge Stralka in the instant case, however, is more than a rule of practice or procedure. Judge Stralka's order of June 9, 1978 is, in effect, a "disciplinary rule" that limits the ability of certain members of the bar to practice before the Garfield Heights Municipal Court because of a perceived "suspicion of wrongdoing, conflict or impropriety" whenever a law director, city solicitor, or prosecutor represents a defendant in a criminal action. Such rules of general application, which place limits on an attorney's ability to practice law and/or impose "across-the-board" disciplinary measures on members of the bar, are within the exclusive authority of the Supreme Court, and they may not be promulgated by the trial or appellate courts of this state.

We believe that Judge Stralka acted in good faith in issuing the order in question. "We applaud the vigilance of those who share our concern for the integrity of bench and bar. It is one measure of that integrity, however, that a system of ordered procedure [and discipline] be defined and followed." *Smith* v. *Kates, supra,* at page 267. The power of the Supreme Court to exercise original jurisdiction over, and make rules governing, the practice of law in this state is set forth in Article IV of the Ohio Constitution. This express constitutional authority arose from the inherent power of the court to control the admission and disbarment of attorneys practicing before it, *In re Thatcher* (1909), 80 Ohio St. 492, paragraph one of the syllabus, and is based, in large part, on the need for uniformity in the governance of the bar. To permit each of the trial and appellate courts to establish rules that generally limit the ability of attorneys to practice their profession, or that impose specific disciplinary standards upon the attorneys of this state, certainly would frustrate the purpose behind the Supreme Court's constitutionally authorized governance of the bar.

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., SWEENEY, HOLMES, C. BROWN and J. P. CELEBREZZE, JJ., concur.

W. BROWN and LOCHER, JJ., dissent.

WILLIAM B. BROWN, J., dissenting. I dissent to the majority's opinion based on the analysis and reasoning set forth by Judge Markus in dissent in the court of appeals' decision rendered in this case.

LOCHER, J., dissenting. After a careful review of Judge Stralka's position, I am of the belief that the majority position is not in conformity with the ethical mandate to avoid the appearance of impropriety. Accordingly I dissent.

In the recent case of *State, ex rel. Waite,* v. *Berry* (1984), 11 Ohio St. 3d 53, I made it clear in my concurrence that when public prosecutors represent private citizens, "[t]he potential for abuse is * * * too substantial" to allow a slackening of the standards used in our profession. Any such lessening of standards erodes "the trust of the public in our judicial system." *Id.* at 55.

The reasons for my concern are articulated and embodied in Canon 9 of the Code of Professional Responsibility and Canon 2 of the Code of Judicial Conduct. These Canons mandate the responsibility of bar and bench to avoid even the appearance of impropriety. Judge Stralka's order, contrary to the view of the majority, is not a "disciplinary rule" — it is an implementation of accepted judicial ethical standards. This position is buttressed by professional ethics committees. See A.B.A. Opinions of the Committee on Professional Ethics (1967) 277, Formal Op. No. 34 (March 3, 1931); Ohio State Bar Assn. Committee on Professional Ethics (1967), Informal Op. No. 67-1; (1975), Informal Op. No. 75-12; (1977), Informal Ops. Nos. 77-10 and 77-17; (1981), Informal Op. No. 81-4. This position is buttressed by Ohio Attorney General opinions. See 1971 Ohio Atty. Gen. Ops. No. 71-050, at 2-170; 1966 Ohio Atty. Gen. Ops. No. 66-159 at 2-335; 1967 Ohio Atty. Gen. Ops. No. 67-112, at 2-176. This position is also buttressed by courts in other jurisdictions. See *People* v. *Rhodes* (1974), 12 Cal. 3d 180, 115 Cal. Rptr. 235, 524 P. 2d 363. See, also, Annotation (1982), 18 A.L.R. 4th 360, Sections 3, 15 and 19, as well as federal court decisions where the "Seventh Amendment to the federal Constitution mandates efforts by the trial judge to exclude defense counsel from representation where such conflicts are apparent. *Glasser* v. *United States* (1942), 315 U.S. 60; *Holloway* v. *Arkansas* (1978), 435 U.S. 475; *Cuyler* v. *Sullivan* (1980), 446 U.S. 335." *Melling* v. *Stralka* (June 27, 1983), Cuyahoga App. No. 45622, unreported, dissenting opinion by Markus, J., at 3.

It should be readily apparent that notwithstanding the pecuniary interests of the public employees affected by Judge Stralka's order, working for the state while representing parties against the state is a basic conflict of interest proscribed by the Code of Professional Responsibility, DR 5-105, EC 5-1, EC 5-14 and Canon 7, as well as by simple common sense. Although practical concerns have allowed dual representation in certain civil matters, it is entirely understandable and laudable that Judge Stralka exclude dual representation in his courtroom with respect to criminal matters unless both the appropriate legislative body and the defendant/client consent.

While Judge Stralka may be the ostensible loser by the majority decision today, in reality it is our profession that once again is exposed to potential public deprecation. Judge Stralka's concern, however, is a moral victory for those who would place ethics over pecuniary concerns.

The trial judge is on the front lines of our judicial system. Accordingly he should be given our support, not our condemnation, for seeking to improve the judicial system in conformity with the practical exigencies of day to day legal practice which the trial judge is in the best position to evaluate. In order to assure fairness to the accused and to sustain public confidence in the integrity and impartiality of the criminal justice system, Judge Stralka's approach is reasonable.

Accordingly I dissent.