The STATE ex rel. KURA, County Public Defender, et al.,

v.

SHEWARD, Judge.

[Cite as *State ex rel. Kura v. Sheward* (1992), 75 Ohio App.3d 244.]

Court of Appeals of Ohio,
Franklin County.

No. 90AP–791.

Decided June 11, 1992.

*James Kura*, Franklin County Public Defender, *David L. Strait* and *Paul Skendelas*, for relators.

*Michael Miller*, Prosecuting Attorney, and *Harland H. Hale*, for respondent.

WHITESIDE, Judge.

This original action in prohibition is before the court upon the briefs and arguments of counsel. Relator, James Kura, the Franklin County Public Defender, contends that the respondent, Richard F. Sheward, judge of the Franklin County Municipal Court, has usurped judicial power which he does not possess, and seeks a writ of prohibition so as to preclude enforcement of an order the court has entered attempting to discharge or terminate the Franklin County Public Defender as counsel for Terry Block, who has joined as a relator herein.

The parties have submitted depositions and other evidence, most of which has no bearing whatsoever upon the issue before us. Instead, most of the evidence, including almost all of that presented by respondent, bears upon whether or not the respondent judge erred or abused his discretion in removing counsel, not upon the basic question before us whether the trial court has jurisdiction to act. In other words, the issue is not whether the respondent exercised his jurisdiction properly but, instead, whether the respondent attempted to exercise jurisdiction which he does not possess.

At the outset, it must be noted that a trial court has inherent jurisdiction to control proceedings and progress of proceedings in the court. This includes jurisdiction to take action to assure that cases can be submitted in an orderly fashion, and, to this end, the Ohio Supreme Court has adopted

M.C.Sup.R. 16(C), which provides that, when a designated trial counsel is so overloaded that he is unable to handle all of the assigned cases, the administrative judge of the municipal court "may require the trial attorney to provide a substitute trial attorney." The rule further provides that, if the trial attorney fails to do so, the administrative judge may remove such counsel as counsel in the case, and if appointed by the court may appoint a substitute trial attorney. This is not the procedure before us, since respondent did not act in the manner prescribed by such rule and at the time was not the administrative judge of the municipal court.

The order of the trial court, which is the subject of this action, apparently appears only on the "half-sheet" and reads essentially, as follows:

"Def Counsel did not appear for trial until after 12:00 noon on a case set for 9:30 a.m. for Jury Trial. Def was present. Prosecutor all witnesses were present. Public Defender's office is dismissed from the case for failure to appear at trial. Court administrator to appoint private counsel."

Although respondent admits this was his order, there is no express indication in the evidence before us that the order either was signed or journalized so as to make an effective order which could be the subject of an appeal. Nor does the "order" purport to limit its effect to the particular public defender who was assigned or designated trial attorney for the particular case, as M.C.Sup.R. 16(C) would contemplate by action of the administrative judge. However, in the evidence, it appears to have been stipulated that the notation was finally entered on the record of the trial court more than two months after this action was commenced. There is no indication as to the time that the notation was placed on the half-sheet, except that other evidence presented by the parties indicates that it could not have been placed there at 9:30 a.m. in that the assigned public defender appeared in the courtroom at approximately 10:00 a.m. but left to attend to cases in other courtrooms, allegedly with the understanding that the case would not be called until 1:30 p.m. Sometime later, the case apparently was called by the trial court, and the assigned public defender was not present, resulting in the half-sheet entry. Additionally, it appears that a different public defender had been designated as trial attorney in the case and that, although the assignment was changed, the respondent judge was not notified.

Respondent contends that a municipal court judge has authority to dismiss an attorney who cannot or will not properly conduct the trial proceedings, relying upon *Royal Indemn. Co. v. J.C. Penney Co.* (1986), 27 Ohio St.3d 31, 27 OBR 447, 501 N.E.2d 617. Such case has no application here. Rather, the rule determined by that case is set forth in the first paragraph of the syllabus, as follows:

"A trial court may revoke the *pro hac vice* admission of an attorney who has engaged in egregious misconduct which could taint or diminish the integrity of future proceedings."

In other words, involved in *Royal Indemnity* was not an attorney admitted to practice in Ohio but an attorney not admitted to practice in Ohio but who had been given special permission by a trial court to participate as counsel in a particular case, the granting of such permission being a matter within the discretion of the trial court. *Royal Indemnity,* citing *State v. Ross* (1973), 36 Ohio App.2d 185, 65 O.O.2d 316, 304 N.E.2d 396. In *Royal Indemnity,* the Supreme Court referred to Gov.Bar R. I(9)(D), which is now Gov.Bar R. 1(8)(G), and provides that:

"An applicant under this Section shall not engage in the practice of law in this State prior to the presentation of the applicant to the Court pursuant to Division (F) of this Section. *This Division does not apply to participation by an attorney not yet admitted to practice in Ohio in a cause being litigated in the State when such participation is with leave of the judge hearing such cause.*" (Emphasis added.)

As found in *Royal Indemnity* and *Ross,* with respect to *pro hac vice* admissions, the trial court has sole jurisdiction both over the "admission" to practice and "removal" from practice of out-of-state attorneys but only with respect to a particular pending case. Here, it is not contended that a *pro hac vice* admission was involved, but, instead, all attorneys involved were licensed by the Supreme Court to practice law in all Ohio courts.

Respondent also relies upon *Maple Hts. v. Redi Car Wash* (1988), 51 Ohio App.3d 60, 554 N.E.2d 929, as a basis for his jurisdiction. The Eighth District Court of Appeals did in that case refer to the discretion of a trial court in supervising members of the bar appearing before it and stated that disqualification of an attorney will not be disturbed absent an abuse of discretion. However, the jurisdictional issue was neither raised nor discussed, although the court did cite *Royal Indemnity* and also *Mentor Lagoons, Inc. v. Rubin* (1987), 31 Ohio St.3d 256, 31 OBR 459, 510 N.E.2d 379, in which an order of the trial court refusing to allow an attorney for a party to testify was reversed, and the cause was remanded for the court to ascertain whether the attorney involved should be asked to withdraw voluntarily or be disqualified but only after determining whether such action was necessary in the case. There is no indication that such an action by a trial court without notice to counsel and an opportunity to be heard would ever be appropriate. Again, as we indicated, no jurisdictional issue was raised or decided in the case.

*Maple Heights* involved an assistant prosecutor who had demonstrated personal animosity toward the defendants in a criminal case to such an extent

that the assistant prosecutor filed a $1.1 million libel suit against the defendants, one of whom had filed a grievance against the assistant prosecutor with the local bar association. Because of these "personality conflicts," the trial court requested that a different assistant prosecutor be assigned to the case. When so requested, the assistant prosecutor openly threatened to file additional criminal charges against the defendant. Thereupon, the trial court disqualified the assistant prosecutor from proceeding in the prosecution of the complaints against the defendants. As indicated by the court of appeals, disqualification was appropriate because of personal animosity between the defendants and the assistant prosecutor to such an extent that the integrity of the specific judicial proceeding would be severely jeopardized. There is no similar situation here. The respondent judge acted because the designated public defender failed to be present and ready to proceed when the case was called by the trial court, even though the case was assigned on the docket and notice given.

Respondent also relies upon *Melling v. Stralka* (1984), 12 Ohio St.3d 105, 12 OBR 149, 465 N.E.2d 857, and *State ex rel. Jones v. Stokes* (1989), 49 Ohio App.3d 136, 551 N.E.2d 220. In both of these cases, writs of prohibition were allowed against judges attempting to bar particular attorneys from appearing for trial in the trial court. In each of those cases, it was found that the conduct of the trial court was beyond the jurisdiction of the municipal court involved. In each instance, the municipal court attempted to usurp the jurisdiction of the Supreme Court to discipline attorneys or to govern their conduct generally. In *Melling,* the municipal court had ordered that no prosecutor of another court would be permitted to represent a defendant in that particular municipal court. In *Jones,* the municipal court had issued an order that a particular attorney not be assigned to the courtroom of the judges involved. Although *Jones* is closer to the situation herein, it did not involve a particular case but, instead, a general order that the attorney involved not be assigned to the courtroom of the judges involved. Here, a particular case is involved. On the other hand, the order is somewhat in the nature of a general order since it barred not just the assigned public defender but the entire public defender's office from representing the defendant in the subject case.

Although this is a criminal, rather than civil, case, some of the principles of civil cases are applicable to the issue before us. In fact, many of the cases cited above, including *Maple Heights, supra, Royal Indemnity, supra,* and *Mentor Lagoons, supra,* were civil, rather than criminal, cases. Many of them involved motions for disqualification of counsel. The Supreme Court has held that a motion to disqualify counsel affects a substantial right both of the party represented and the counsel representing the party. See *Bernbaum*

*v. Silverstein* (1980), 62 Ohio St.2d 445, 16 O.O.3d 461, 406 N.E.2d 532, and *Guccione v. Hustler Magazine* (1985), 17 Ohio St.3d 88, 17 OBR 211, 477 N.E.2d 630.

More recently, it has again been recognized that a trial court has the inherent power to disqualify counsel in specific cases when necessary to protect the interests of the litigants. See *Morgan v. North Coast Cable Co.* (1992), 63 Ohio St.3d 156, 586 N.E.2d 88. Ordinarily, prejudice to one of the parties to the pending case must be demonstrated in order to justify disqualification of counsel. *Peters v. Ohio State Lottery Comm.* (1992), 63 Ohio St.3d 296, 587 N.E.2d 290. Even assuming that the standard for *pro hac vice* admission set forth in *Royal Indemnity* be applicable, disqualification would be predicated upon counsel's having "engaged in egregious misconduct which could taint or diminish the integrity of future proceedings." There is no such finding here; instead, the general gist of the trial court determination is to "punish" counsel for tardiness. In *Ross, supra,* it was found proper to refuse to grant *pro hac vice* admission for out-of-state counsel who would not or could not take part in the proceedings with a reasonable degree of propriety, that is, adherence to the Code of Professional Responsibility.

■ In short, the evidence before us indicates that the dismissal of the public defender's office as counsel was not predicated upon any ground upon which an individual municipal court judge may order disqualification in a particular case, and there was no hearing or opportunity to be heard afforded either the defendant or the disqualified public defender prior to the taking of the action involved. To the extent that the crowded docket justification for dismissal of counsel could be utilized, the action must be taken by the administrative judge of the court in a general order pertaining to cases in general, not by an order of an individual judge in a particular case. We find nothing in the record indicating that the basis for disqualification was an overcrowded docket, although the evidence presented strongly suggests that defense counsel, and perhaps prosecutors, are required to go from courtroom to courtroom seeking the case which may go to trial, as they are simultaneously assigned several cases in multiple courtrooms. That issue is not before us, however, and the evidence before us is not conclusive as to whether the problem is overcrowded dockets, overassigned attorneys, or lack of coordination or diligence on the part of counsel. That is why the rules and the cases contemplate a hearing to ascertain the facts and circumstances before action is taken to remove counsel from a case even under the exceptional circumstances where such action can be justified.

■ Having found, however, that the respondent municipal court's order may well fall outside the "jurisdiction" of the court, the question remains as

to whether this constitutes an absolute lack of jurisdiction or merely an erroneous exercise of jurisdiction. In order that a writ of prohibition may issue against a municipal court judge, the relator must demonstrate that the judge has exercised judicial or quasi-judicial power, that the exercise of such judicial power is not authorized by law, and that the relator has no adequate remedy at law. *State ex rel. Collins v. O'Farrell* (1991), 61 Ohio St.3d 142, 573 N.E.2d 113. Clearly, the order of the municipal court judge herein is an exercise of judicial power. Additionally, although, as indicated above, a specific order entered by the trial court is not within the "jurisdiction" of the court to enter, the court does have jurisdiction over disqualification of counsel under appropriate circumstances. Accordingly, the last issue that must be determined is whether there is an adequate remedy at law since it is only when a court is totally without jurisdiction whatsoever to act that the availability or adequacy of a remedy of appeal is immaterial to the exercise of the supervisory jurisdiction in prohibition to prevent absolute usurpation of jurisdiction by a "supervised" court. *State ex rel. Johnson v. Court* (1986), 25 Ohio St.3d 53, 25 OBR 77, 495 N.E.2d 16. Here, there can be no question that the remedy of appeal is available both to relator public defender and relator Block.[1]

■ In *Bernbaum, supra,* the Supreme Court held that an order overruling a motion to disqualify counsel is not a final appealable order. On the other hand, in *Guccione, supra,* the Supreme Court held in the syllabus that:

"An order denying permission for out-of-state counsel (otherwise competent) to represent a litigant is a final appealable order."

It is difficult to make a distinction between "revoking" previously granted *pro hac vice* admission of out-of-state counsel in a civil proceedings and the disqualification of defense counsel in a criminal proceedings insofar as the issue of appealability is concerned. We must, thus, conclude that the order of disqualification is an appealable order. In fact, most of the cases cited, *supra,* with respect to the jurisdiction of a court with respect to disqualifying trial counsel were raised on appeal from the judgment, not by an original action: *e.g., Mentor Lagoons, Inc., supra; Maple Heights, supra; Royal Indemnity, supra;* and *State v. Marinchek* (1983), 9 Ohio App.3d 22, 9 OBR 23, 457 N.E.2d 1198. *Melling, supra,* involved an action for declaratory judgment seeking a declaration of invalidity of an order generally prohibiting city solicitors and prosecutors, either municipal or county, from representing defendants in a criminal matter in a particular municipal court. This was not

---

1. Mandamus is precluded by the remedy of appeal and, thus, any suggestion that relators alternatively seek relief in mandamus affords no basis for relief.

an order entered in a particular case but, instead, was in effect a rule adopted by the court and, thus, was not subject to appeal. In *State ex rel. Jones supra,* the court of appeals did issue a writ of prohibition prohibiting a municipal court from imposing general limitations upon the ability of a particular attorney to practice before the court and from placing limitations upon the legal aid society director's assigning such attorney to matters to be heard in the municipal court. Again, these were not orders in a particular case but, rather, a general order concerning the right of a particular attorney to practice in the municipal court with respect to criminal matters. In that case, the municipal court was totally without jurisdiction whatsoever to act since the matter of admission to practice in the courts of the state lies solely and exclusively with the Supreme Court. *Smith v. Kates* (1976), 46 Ohio St.2d 263, 75 O.O.2d 318, 348 N.E.2d 320.

Respondent points out that some cases have held that a trial court is not required in a criminal case to appoint counsel of the defendant's choosing to represent him in his defense in such criminal case, citing *State ex rel. Butler v. Demis* (1981), 66 Ohio St.2d 123, 20 O.O.3d 121, 420 N.E.2d 116. *Demis,* however, did not involve representation by a county public defender pursuant to R.C. 120.16(A). Rather, it involved R.C. 2151.352, which refers to R.C. 120.33. In addition, it involved a civil, rather than criminal, matter pertaining to termination of parental rights. R.C. 120.33 provides for situations where a county public defender system is not utilized by the board of county commissioners. In *Marinchek, supra,* it was held in a criminal case that, in considering a motion of private counsel to withdraw, the court has a duty to balance the defendant's rights to counsel of his preferable choosing against the public interest in administration of justice. The court found an abuse of discretion in the trial court's refusing to conduct an evidentiary hearing on the motion to withdraw as counsel under the circumstances involved.

R.C. 120.16(A)(1) imposes upon the county public defender a duty to represent indigent adults and juveniles charged with the commission of a violation of state statute which could result in loss of liberty. R.C. 120.16(A)(2) provides that the county public defender may provide legal representation to indigents charged with violation of a municipal ordinance which may result in loss of liberty provided there is a contract between the county public defender commission and the municipal corporation for such representation. R.C. 120.16(B) provides that:

"The county public defender shall provide the legal representation authorized by division (A) of this section at every stage of the proceedings following arrest, detention, service of summons, or indictment."

Representation by the county public defender is not subject to appointment of the court. Rather, R.C. 120.16(E) provides that the court may "appoint counsel or allow an indigent person to select his own personal counsel *to assist* the county public defender as co-counsel * * *." (Emphasis added.) It is true that the court has jurisdiction to appoint someone other than the county public defender to represent an indigent defendant pursuant to R.C. 120.16(E); however, once representation is undertaken of a criminal defendant by the county public defender, the court's sole authority is to appoint counsel to assist the county public defender as co-counsel, not to appoint counsel to replace the county public defender, against the wishes of the county public defender and the defendant, unless the county public defender properly is found to be disqualified from representation under the limited jurisdiction of a trial court with respect to disqualification of counsel applicable to retained counsel.

Nevertheless, as indicated above, we are unable to find that there was no jurisdiction whatsoever in the trial court to act. The problem here is not that there was no jurisdiction to act but that the trial court did not follow proper procedures and made an order which is overbroad and may be predicated upon factors which do not justify the action. There is no general prohibition against the county public defender from representing indigent defendants, but, instead, the order pertains only to the specific case. Although there is some suggestion that the trial court may have acted to punish a particular public defender for tardiness, the respondent contends that the purpose was broader in scope and was intended to effect the orderly administration of justice.

Accordingly, on reconsideration of the issue of adequate remedy of law, we must conclude that relator's clear remedy of appeal affords an adequate remedy of law under the circumstances herein. For this reason, the requested writ of prohibition is denied.

*Writ denied.*

McCORMAC and BOWMAN, JJ., concur.