This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Shandra Bradley, appeals from the judgment of the Summit County Court of Common Pleas which denied Appellant's motions for judgment notwithstanding the verdict, new trial, and prejudgment interest. We affirm.
Appellant was involved in three separate automobile accidents, which occurred as follows: (1) August 10, 1997, involving Dorothy Cage ("Cage"), (2) December 20, 1997, involving Appellee, Robert Schwertfeger ("Schwertfeger"), and (3) December 13, 1998, involving Appellee, Krisztian Megyeri ("Megyeri"). Subsequently, Appellant filed suit against all three parties, alleging negligence. Also, the complaint named her insurance carrier, Geico Indemnity Company ("Geico"), as a defendant for the uninsured/underinsured claims in each collision.
Appellant moved for default judgment against Cage and Geico on the grounds that they failed to answer Appellant's complaint. The trial court granted the motion as to both parties. Cage and Geico separately moved for relief from judgment pursuant to Civ.R. 60(B). The trial court granted Cage's motion and vacated the default judgment against her. Appellant subsequently dismissed her claim against Cage. The court denied Geico's motion for relief from judgment; however, it allowed Geico to participate in the trial in place of Cage, so it could defend against Appellant's underinsured claims.
Schwertfeger and Megyeri admitted to liability and the trial proceeded on the issue of damages only. The jury awarded damages to Appellant in the amount of $3,500 for the collision with Cage, $15,250 for the collision with Schwertfeger, and $600 for the collision with Megyeri. On March 9, 2001, Appellant moved for a judgment notwithstanding the verdict. In the alternative, Appellant moved for a new trial. Also, Appellant moved for prejudgment interest on the jury verdict. The trial court denied the motions. Appellant timely appealed raising four assignments of error for review.
 ASSIGNMENT OF ERROR I The trial court erred by failing to grant Appellant's motion for JNOV/New Trial based upon the jury's inadequate award of damages to the Appellant.
 A. The jury's verdict on all three collisions was inadequate because it did not include an award for future medical bills, pain, and suffering despite the fact that [Appellant's] evidence on future damages was uncontroverted.
 B. The jury's award was also inadequate as it did not compensate [Appellant] for past and present pain and suffering even though it awarded her compensation for medical expenses.
In Appellant's first assignment of error, she argues that the trial court erred when it overruled her motion for a judgment notwithstanding the verdict. Specifically, Appellant maintains that the testimony at trial was undisputed that all three collisions caused her permanent injuries, would cause future pain and suffering, and that she experienced past and present pain and suffering from the third collision, for which the jury did not award her damages. We disagree.
Our standard of review on a motion for judgment notwithstanding the verdict, pursuant to Civ.R. 50(B), is de novo. Schafer v. RMS Realty
(2000), 138 Ohio App.3d 244, 257-258; Reitz v. Akron Aerie No. 555Fraternal Order of Eagles, Inc. (Nov. 7, 2001), Summit App. No. 20454, unreported, at 5. The evidence must be reviewed in a light most favorable to the non-moving party and where there is substantial evidence to support that side of the case, upon which reasonable minds could reach different conclusions, the motion must be denied. Posin v. A.B.C. MotorCourt Hotel (1976), 45 Ohio St.2d 271, 275.
The mere fact that testimony is uncontroverted does not necessarily require a jury to accept the evidence if the jury found that the testimony was not credible. Ace Steel Baling v. Porterfield (1969),19 Ohio St.2d 137, 138 (finding that a jury is not required to accept evidence simply because it is uncontroverted, unimpeached, or unchallenged). A jury is free to believe all, part, or none of the testimony of any witness who appeared before it. Rogers v. Hill (1998),124 Ohio App.3d 468, 470. Moreover, "[i]t does not follow that in a matter wherein a jury awards damages for medicals * * * that automatically an award for pain and suffering must follow. Evidence relative to pain and suffering in damage evaluations is within the province of the fact-finder." Baughman v. Krebs (Dec. 10, 1998), Cuyahoga App. No. 73832, unreported, 1998 Ohio App. LEXIS 5925, at *10.
In this case, Appellant testified at trial regarding her history of neck and back injuries. The record indicates that in 1995 Appellant suffered a neck and shoulder injury while serving in the military. Subsequently, Appellant received treatment through the Veterans Administration ("VA") for her neck, shoulder, lower back and mid-back area. The VA performed a disability assessment on Appellant at that time, which resulted in the VA awarding her a 10 percent service disability. Appellant stated that these pre-existing injuries to her neck and back prevented her from obtaining employment beginning in March 1996. In March 1997, the VA diagnosed Appellant as suffering from chronic back and neck pain. Between 1996 and 1997, Appellant received physical therapy from the VA hospital on twenty-one occasions. Appellant was still receiving treatment through the VA when the first accident occurred. Additionally, in April 1996, Appellant sought treatment from Roger S. McMillen, D.C., a chiropractic physician, for the injuries to her neck and back. Appellant had visited Dr. McMillen approximately seventy times prior to the first collision.
Appellant testified that following the first accident, she suffered from pain in her back, neck, and right side. She stated that prior to the second accident she was starting to feel better. Appellant explained that after the second accident, she visited Dr. McMillen with complaints of headaches, pain in her neck, upper back, lower back, and pain radiating down her legs and the right side of her arm. At that time, Appellant started receiving treatment from Dr. Keith Ungar, another chiropractic physician. Appellant felt that her condition was improving prior to the third accident. Appellant's testimony indicates that following the third collision she continued to see Dr. Ungar, but that the accident did not affect her ability to perform any activities.
Appellant's treating chiropractor testified that she would suffer future medical expenses and pain and suffering. However, construing the foregoing evidence most strongly in favor of Appellee, we find that reasonable minds could differ as to whether the negligence of Cage, Schwertfeger, and Megyeri caused Appellant permanent injuries and whether she experienced pain and suffering from the third collision.
The issue as to who was to be believed is entirely a jury question and could not be decided as a matter of law. The trial court, in light of the evidence presented, properly denied Appellant's motion for judgment notwithstanding the verdict. To rule otherwise would constitute an improper infringement of the jury's role as the trier of fact. Appellant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II The jury's verdict, which did not include compensation for undisputed elements of damages suffered by Appellant, is against the manifest weight of the evidence.
In Appellant's second assignment of error, she argues that the trial court erred when it overruled her motion for a new trial. In her motion and on appeal, Appellant maintains, in part, that she was entitled to a new trial due to the inadequate jury award and because the jury's verdict was not sustained by the weight of the evidence, pursuant to Civ.R. 59(A)(4) and (6). Appellant's assignment of error is without merit.
Civ.R. 59 allows a trial court to grant a new trial upon the motion of either party. It provides:
 A new trial may be granted to all or any of the parties and on all or part of the issues upon any of the following grounds:
 (4) Excessive or inadequate damages, appearing to have been given under the influence of passion or prejudice;
* * *
 (6) The judgment is not sustained by the weight of the evidence[.]
Civ.R. 59(A). This court has previously held that the decision to deny a motion for a new trial is within the discretion of the trial court and will not be disturbed absent an abuse of that discretion. Brooks v.Wilson (1994), 98 Ohio App.3d 301, 304.
With regard to Civ.R. 59(A)(4), the size of a verdict, without more, is insufficient to prove passion or prejudice. Weidner v. Blazic (1994),98 Ohio App.3d 321, 334-335. "There must be something contained in the record which the complaining party can point to that wrongfully inflamed the sensibilities of the jury." Shoemaker v. Crawford (1991),78 Ohio App.3d 53, 65. In order to determine whether passion or prejudice affected a damage award so as to warrant a new trial, an appellate court should "consider the amount of the verdict, whether the jury considered incompetent evidence, improper argument by counsel or other improper conduct which can be said to have influenced the jury." Dillon v. Bundy
(1991), 72 Ohio App.3d 767, 774.
The entirety of Appellant's argument with respect to inadequate damages was a recitation of her injuries, the respective damages awarded, and a declaration that the testimony of her expert witness was uncontroverted that she suffered permanent injuries and would incur future pain and suffering. Appellant did not assert that the damages awarded appeared to have been given under the influence of passion or prejudice. Nor did she point to any portion of the record that would support that proposition. Consequently, Appellant has failed to establish that she was entitled to a new trial because the jury, under the influence of passion or prejudice, awarded inadequate damages. Therefore, we find that the trial court did not abuse its discretion in denying Appellant's motion for a new trial under Civ.R. 59(A)(4).
Pursuant to Civ.R. 59(A)(6), a trial court may grant a new trial where the judgment is not sustained by the weight of the evidence. Pena v.Northeast Ohio Emergency Affiliates, Inc. (1995), 108 Ohio App.3d 96,103. Where the verdict is supported by "competent, substantial and apparently credible evidence," a motion for a new trial will be denied.Verbon v. Pennese (1982), 7 Ohio App.3d 182, 183. Furthermore, when determining whether a new trial is in order, the trial judge must remember that it is initially the jury's function to weigh the evidence and to pass on the credibility of the witnesses. Id., citing Poske v.Mergl (1959), 169 Ohio St. 70, 73-74. It was within the purview of the jury to decide whether or not to believe that Appellees' negligence was the proximate cause of Appellant's injuries and whether she endured pain and suffering as a result of the third collision. Essentially, this issue came down to evaluating the credibility of the witnesses.
Pursuant to our discussion of the evidence in assignment of error one, there was testimony presented at trial that could have supported a jury determination that Appellant's injuries stemmed from a source other than the negligence of Appellees. Significantly, the evidence of Appellant's history of neck injuries and back pain, as well as her testimony that her activities were unaffected by the third collision, constitutes substantial, competent, and apparently credible evidence to support the jury's verdict. Therefore, Appellant's argument that the trial court abused its discretion in failing to grant her motion for new trial because the verdict was against the manifest weight of the evidence is without merit. The trial court did not abuse its discretion in denying Appellant's motion for a new trial under Civ.R. 59(A)(6). Appellant's second assignment of error is overruled.
 ASSIGNMENT OF ERROR III The trial court erred and abused its discretion in denying Appellant's motion for [a] new trial when there was evidence of irregularity in the trial court proceedings.
In Appellant's third assignment of error, she contends that the trial court erred in overruling her motion for a new trial based on alleged irregularities in the proceedings. Appellant's argument is without merit.
Civ.R. 59 also allows a trial court to grant a new trial based on the following grounds:
 (1) Irregularity in the proceedings of the court, jury, magistrate, or prevailing party, or any order of the court or magistrate, or abuse of discretion, by which an aggrieved party was prevented from having a fair trial[.]
Civ.R. 59(A)(1). As previously mentioned, the decision to deny a motion for a new trial will not be disturbed absent an abuse of discretion.Brooks, 98 Ohio App.3d at 304.
It is well settled that a trial court has the inherent power to control the progress of proceedings in its court. State ex rel. Kura v. Sheward
(1992), 75 Ohio App.3d 244, 245. Pursuant to Evid.R. 611(A), a trial court is required to exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence, so as to make the interrogation and presentation effective for the ascertainment of the truth and avoid needless consumption of time.
Appellant contends that the trial court overstepped its authority and exhibited favoritism toward Appellees when it allegedly imposed limits on the time available to present her case, and admonished Appellant's counsel and her expert witness in front of the jury. However, a review of the record fails to demonstrate any bias on the part of the trial court as it appeared to treat all parties' attorneys in an even-handed manner in exercising control over the proceedings. This court cannot say that the trial court acted in an improper or prejudicial manner in presiding over the trial below. Therefore, the trial court did not abuse its discretion in denying Appellant's motion for a new trial pursuant to Civ.R. 59(A)(1). Appellant's third assignment of error is overruled.
 ASSIGNMENT OF ERROR IV The trial court erred and abused it discretion in denying Appellant's motion for prejudgment interest.
Appellant's final assignment of error avers that the trial court abused its discretion when it denied her motion for prejudgment interest on the verdict for the second collision. We disagree.
The determination to award prejudgment interest rests within the trial court's sound discretion. Scioto Mem. Hosp. Assn., Inc. v. PriceWaterhouse (1996), 74 Ohio St.3d 474, 479. Absent a clear abuse of that discretion, the lower court's decision in the matter should not be reversed. Mobberly v. Hendricks (1994), 98 Ohio App.3d 839, 845.
In Moskovitz v. Mt. Sinai Med. Ctr. (1994), 69 Ohio St.3d 638, the Ohio Supreme Court held that R.C. 1343.03(C), which governs prejudgment interest, essentially sets forth four requirements:
 First, a party seeking interest must petition the court. * * * Second, the trial court must hold a hearing on the motion. Third, to award prejudgment interest, the court must find that the party required to pay the judgment failed to make a good faith effort to settle and, fourth, the court must find that the party to whom the judgment is to be paid did not fail to make a good faith effort to settle the case.
Id. at 658, citing R.C. 1343.03(C). To award prejudgment interest, the trial court must find the party required to pay the judgment failed to make a good faith effort to settle the case, and the party to whom the judgment is to be paid did not fail to make a good faith effort to settle the case. Moskovitz, 69 Ohio St.3d at 658. Thus, the crux of the trial court's decision is a determination of the exercise of good faith, or lack thereof.
In the prejudgment interest context, the Ohio Supreme Court has developed a standard of good faith comprised of (1) full cooperation in discovery proceedings, (2) rational evaluation of risks and potential liability, (3) unnecessary delay of the proceedings, and (4) a good faith settlement offer or response in good faith to an offer from the other party. Id., quoting Kalain v. Smith (1986), 25 Ohio St.3d 157, syllabus. Furthermore, the party seeking prejudgment interest bears the burden of proof. Moskovitz, 69 Ohio St.3d at 659. In proving its good faith settlement effort, and a lack of good faith by the opposing party, it is incumbent on a party seeking an award to present evidence of a written offer to settle that was reasonable, considering such factors as the type of case, the injuries involved, applicable law, defenses available, and the nature, scope and frequency of efforts to settle. Tummino v. Gerber
(1997), 121 Ohio App.3d 518, 521.
In the instant case, Appellant stated in her motion that she requested a settlement from Schwertfeger in the amount of $12,500, the policy limit of his liability insurance. Further, Appellant stated that she requested a settlement from Geico in the amount of $2,500, the policy limit for underinsured coverage, as well as a waiver of Geico's $5,000 medical payment claim. According to the motions, Schwertfeger responded with an offer to settle in the amount of $6,500. Prior to trial, Schwertfeger increased his settlement offer to $8,500. Geico initially did not offer a settlement amount. However, prior to trial, Geico offered to waive its $5,000 medical payment claim. Throughout the negotiations, Appellant refused to change her initial settlement demand.
The trial court found that Schwertfeger and Geico rationally evaluated the potential liability and attempted to settle the dispute, while Appellant "made little to no movement in an effort to settle." We agree. In light of the foregoing, this court concludes that the trial court did not abuse its discretion when denying Appellant's motion for prejudgment interest. Appellant's fourth assignment of error is overruled.
Appellant's four assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
CARR, J., BATCHELDER, J. CONCUR.