DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, MBNA America Bank, N.A., appeals from the judgment of the Summit County Court of Common Pleas, which imposed various restrictions on the actions of appellant in the instant case and on the actions of the law firm representing appellant in regard to all cases. This Court reverses.
 I. {¶ 2} Appellant was represented before the trial court by attorney Diana J. Prehn of the law firm of Javitch, Block 
Rathbone, LLP. On January 28, 2004, appellant filed a motion and application to confirm and enforce an arbitration award. On January 29, 2004, the trial court found the application well taken and entered judgment in favor of appellant and against appellee, Kimberly Bailey, in the amount of $4,458.36, plus interest and costs. On March 22, 2004, appellant filed a praecipe, requesting the clerk of courts to issue a certificate of judgment lien in favor of appellant and against appellee. The clerk of courts filed a certificate of judgment on March 25, 2004. On January 27, 2005, appellant filed a request for the filing of a certificate of judgment for transfer. The clerk of courts issued a certificate of judgment lien for transfer on February 3, 2005.
 {¶ 3} On July 21, 2005, appellant moved for an order of garnishment against Ohio Savings Bank. Appellee timely requested a hearing to dispute appellant's right to garnish her property. On August 12, 2005, the trial court issued a notice to the parties that a hearing on garnishment was scheduled for September 6, 2005.
 {¶ 4} On September 9, 2005, the trial court issued a judgment order in which it found that "as usual, [appellant's] counsel did not make an appearance, could not be contacted by telephone but [appellee] was here and made her plea to this Court." The trial court then found that "there may be merit" to appellee's assertions at the garnishment hearing. The trial court then made the following orders:
"1. The costs of these proceedings is hereby ordered to be paid by Diana J. Prehn, Attorney at Law, and
"2. [Appellant] is not to file any post-judgment proceedings on this case until they are personally cleared with this Court, and
"3. In the future, the Court will not consider any pleadings from Javitch, Block Rathbone, LLP unless they start appearing for the hearing they have ordered."
Appellant timely appeals, setting forth three assignments of error for review.
 {¶ 5} Before reaching the merits of this appeal, this Court must determine whether it has jurisdiction to review the order from which appellant appeals. Section 3(B)(2), Article IV of the Ohio Constitution limits this Court's appellate jurisdiction to the review of final judgments of lower courts. For a judgment to be final and appealable, it must satisfy the requirements of R.C.2505.02 and, if applicable, Civ.R. 54(B). Chef Italiano Corp. v.Kent State Univ. (1989), 44 Ohio St.3d 86, 88. Appellant argues that the trial court's judgment order constitutes a final, appealable order pursuant to R.C. 2505.02. This Court agrees.
 {¶ 6} R.C. 2505.03(A) states that "[e]very final order, judgment, or decree of a court * * * may be reviewed on appeal by * * * a court of appeals * * *." R.C. 2505.02(B) states, in pertinent part:
"An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
"* * *
"(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment[.]"
 {¶ 7} A substantial right is one "that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." R.C. 2505.02(A)(1). Civ.R. 64 provides for the availability of garnishment for the purpose of securing satisfaction of a judgment. Accordingly, the trial court's order, prohibiting any further action by appellant in this case and any action in any other case without prior approval by the trial court affects appellant's substantial right to execute upon its judgments through the mechanism of garnishment. In addition, there is no doubt that a motion for an order of garnishment is a summary application filed in an action after judgment has already been entered in favor of the judgment creditor. Accordingly, this Court finds that the trial court's September 9, 2005 order constitutes a final, appealable order, so that this Court has jurisdiction to address the substance of the appeal.
 {¶ 8} Having found that we have jurisdiction to address the merits of the appeal, this Court consolidates appellant's assignments of error for ease of review.
 II. ASSIGNMENT OF ERROR I
"THE TRIAL COURT ERRED WHEN IT ORDERED PLAINTIFF TO OBTAIN PERMISSION BEFORE FILING ANY POSTJ-UDGMENT MOTIONS."
 ASSIGNMENT OF ERROR II
"THE COURT ERRED WHEN IT ORDERED PLAINTIFF'S COUNSEL'S OFFICE TO APPEAR FOR ANY AND ALL HEARINGS BEFORE THE COURT [.]"
 ASSIGNMENT OF ERROR III
"THE COURT ERRED WHEN IT ORDERED SANCTIONS OR OTHERWISE RESTRICTED THE ABILITY TO PRACTICE LAW[.]"
 {¶ 9} Appellant argues that the trial court erred by imposing procedural restrictions upon both appellant and the law firm which represents it. This Court agrees.
 {¶ 10} "Courts are vested with inherent power to establish procedural rules if they are reasonable and do not conflict with the organic law, or any valid statute." Cassidy v. Glossip
(1967), 12 Ohio St.2d 17, 21. In addition, "[t]rial judges are entitled to exercise considerable discretion in the management of the cases on their dockets[.]" In re Disqualification ofSutula, 105 Ohio St.3d 1237, 2004-Ohio-7351, at ¶ 4. Accordingly, this Court will not disturb the trial court's orders regarding the management of cases on its docket absent an abuse of discretion. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. An abuse of discretion demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, this Court may not substitute its judgment for that of the trial court. Id.
 {¶ 11} Appellant first argues that the trial court abused its discretion by imposing a procedural requirement that appellant refrain from filing further "post-judgment proceedings" in the instant case without prior clearance by the trial court. This Court agrees.
 {¶ 12} The matter before the trial court involved appellant's attempt to execute on a judgment in its favor through garnishment proceedings. R.C. 2716.01(B) provides that:
"A person who obtains a judgment against another person may garnish the property, other than personal earnings, of the person against whom judgment was obtained, if the property is in the possession of a person other than the person against whom judgment was obtained, only through a proceeding in garnishment and only in accordance with this chapter."
 {¶ 13} The statute, by its clear and unambiguous language, expressly provides the procedures by which appellant may seek to garnish appellee's personal property in attempts to satisfy its judgment against appellee. This Court agrees with appellant that there is no statutory requirement that appellant submit its post-judgment motions for an order of garnishment to the trial court for "clearance" prior to filing. Accordingly, this Court finds that the trial court was unreasonable and that it abused its discretion when it ordered appellant to obtain the trial court's clearance prior to filing any further post-judgment proceedings in case number CV 2004 01 0550.
 {¶ 14} Appellant next argues that the trial court abused its discretion by ordering, in effect, that the law firm representing appellant must send counsel to all "hearing[s] they have ordered[,]" or else the trial court will not consider any of the firm's pleadings in the future. Specifically, appellant argues that the trial court has attempted to restrict the ability of Javitch, Block Rathbone, LLP to engage in the practice of law. This Court agrees.
 {¶ 15} This Court finds it significant that the trial court has ordered that the law firm's counsel must begin appearing for hearings, or the trial court will decline to consider any "pleadings" filed by the firm. Black's Law Dictionary defines "pleading" as "[a] formal document in which a party to a legal proceeding (esp. a civil lawsuit) sets forth or responds to allegations, claims, denials, or defenses." Civ.R. 7 addresses pleadings and motions, distinguishing between the two. Civ.R. 7(A) addresses pleadings as follows:
"There shall be a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under the provisions of Rule 14; and a third-party answer, if a third-party complaint is served. No other pleading shall be allowed, except that the court may order a reply to an answer or a third-party answer."
Accordingly, the effect of the trial court's third order is to prohibit Javitch, Block Rathbone, LLP from filing future complaints in the Summit County Court of Common Pleas, lest they be assigned to the Honorable James E. Murphy's court, and from answering any complaints filed against the firm's clients, thereby subjecting the firm's clients to default judgment.
 {¶ 16} The Ohio Supreme Court has held:
"The power of the Supreme Court to exercise original jurisdiction over, and make rules governing, the practice of law in this state is set forth in Article IV of the Ohio Constitution. This express constitutional authority arose from the inherent power of the court to control the admission and disbarment of attorneys practicing before it, In re Thatcher
(1909), 80 Ohio St. 492, paragraph one of the syllabus, and is based, in large part, on the need for uniformity in the governance of the bar. To permit each of the trial and appellatecourts to establish rules that generally limit the ability ofattorneys to practice their profession, or that impose specificdisciplinary standards upon the attorneys of this state,certainly would frustrate the purpose behind the Supreme Court'sconstitutionally authorized governance of the bar." (Emphasis in the original.) State ex rel.
 Buck v. Maloney, 102 Ohio St.3d 250, 2004-Ohio-2590, at ¶ 8, quoting Melling v. Stralka (1984), 12 Ohio St.3d 105, 107.
As the Supreme Court found in Melling, this Court finds that the trial court's order that it would not consider any future pleadings filed by the law firm unless the law firm's attorneys began appearing for "the hearing they have ordered" is, "in effect, a `disciplinary rule' that limits the ability of certain members of the bar to practice before [the Summit County Court of Common Pleas] because of a perceived `suspicion of wrongdoing * * * or impropriety' * * *." Melling, 12 Ohio St.3d at 107. As the promulgation of disciplinary rules are within the exclusive jurisdiction of the Ohio Supreme Court, the trial court exceeded its authority and, therefore, abused its discretion when it issued a punitive order limiting the ability of Javitch, Block 
Rathbone, LLP to initiate future litigation or answer complaints against its clients in cases assigned to Judge Murphy's docket.
 {¶ 17} Appellant's assignments of error are sustained.
 III. {¶ 18} Appellant's assignments of error are sustained. The judgment of the Summit County Court of Common Pleas is reversed and the cause remanded for further proceedings consistent with this decision.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs waived.
Slaby, P.J. Boyle, J. concur.