DECISION.
{¶ 1} Though we recognize that pretrial costs can be exorbitant, and we understand the relator's plight in this case, we cannot substitute our discretion for that of the trial court in matters regarding the management of its docket. Accordingly, the writ of mandamus sought by relator, Givaudan Flavors Corporation, to compel the respondent, Judge Norbert A. Nadel, to rule on pretrial motions and to vacate a case-management order is denied, and Judge Nadel's dismissal motion is granted.
 {¶ 2} Givaudan, a Delaware corporation with its principal place of business in Cincinnati, Ohio, is a defendant in a civil action pending before Judge Nadel. The underlying action was filed in January 2007 by amicus curiae, Robert E. Sweeney Co., LPA, on behalf of four plaintiffs who worked in a popcorn-manufacturing plant in Iowa. The negligence-based complaint alleged that the employees had been exposed to diacetyl and other compounds used to provide butter flavor to popcorn, that exposure to the flavoring had injured them, and that Givaudan had manufactured the flavoring.
 {¶ 3} In March 2007, Givaudan moved to dismiss the complaint because Hamilton County was an inconvenient forum — or forum non conveniens. In a separate motion, Givaudan moved to dismiss count one (strict liability in tort-design defect) and count two (failure to warn) of the complaint based on substantive Iowa law.
 {¶ 4} On April 9, 2007, Judge Nadel issued a case-management order providing for the following deadlines: (1) plaintiffs expert identification was due April 23, 2007, (2) Givaudan's expert identification was due July 6, 2007, and (3) discovery was to be completed, and all motions filed, by October 1, 2007. The order also scheduled a pretrial conference for October 9, 2007. *Page 3 
 {¶ 5} Givaudan objected to the case-management order because Judge Nadel had neither ruled on its dismissal motion nor resolved a choice-of-law issue. Over Givaudan's objections, Judge Nadel informed the parties that he would rule on the pending motions following the discovery cutoff date and the pretrial conference. This mandamus action resulted.
 {¶ 6} Givaudan's mandamus petition alleges that it has been prejudiced because under the case-management order it has to complete discovery before Judge Nadel will rule on the inconvenient-forum motion and on which state law, Ohio or Iowa, will govern the parties' dispute. In essence, Givaudan's grievance is that Judge Nadel's inaction works a prejudice on it because it will have to complete discovery without a substantive ruling on the foregoing issues.
 {¶ 7} The requirements of a mandamus action are well settled. Givaudan is entitled to a writ of mandamus if (1) Givaudan demonstrates a clear legal right to the requested act; (2) Judge Nadel is under a corresponding legal duty to perform the requested act; and (3) Givaudan has no adequate remedy at law.[1] It is also well settled that mandamus is an extraordinary remedy, to be granted with great caution and only when the right is clear.[2] Moreover, mandamus will not lie to control judicial discretion, even if that discretion is abused.[3]
 {¶ 8} Givaudan is entitled to a ruling, and Judge Nadel has a legal duty to rule on the merits of its various motions to dismiss. But there is no indication that Judge Nadel has refused to rule on these motions. Instead, Judge Nadel has set a schedule to which Givaudan objects. *Page 4 
 {¶ 9} We find no authority giving Givaudan a clear legal right to a ruling according to an established timeline. Sup.R. 40(A)(3) imposes upon the trial court the duty to rule upon a pending motion within 120 days for the purposes of efficient court administration.[4] The rule does not create a corresponding legal right for litigants to force a trial court to rule on a motion after 120 days.[5]
 {¶ 10} Furthermore, the trial court has special expertise and familiarity with case-management problems and an inherent power to manage its own docket.[6] Judge Nadel has exercised his discretion and set a schedule to rule on the various motions. Though we sympathize with Givaudan's plight and would have managed the case differently, we cannot become involved in these scheduling issues.
 {¶ 11} Therefore, since Givaudan has not established a clear legal right to the requested relief and because mandamus cannot be used to control judicial discretion, we refuse to grant a writ to compel Judge Nadel to rule on pretrial motions and to vacate the case-management order. Judge Nadel's motion to dismiss this mandamus action is granted.
Writ denied.
CUNNINGHAM and DINKELACKER, JJ., concur.
[1] State ex rel. Berger v. McMonagle (1983), 6 Ohio St.3d 28, 29,451 N.E.2d 225.
[2] State ex rel. Taylor v. Glasser (1977), 50 Ohio St.2d 165, 166,364 N.E.2d 1.
[3] State ex rel. Rashada v. Pianka, 112 Ohio St.3d 44,2006-Ohio-6366, 857 N.E.2d 1220, ¶ 3; R.C.
[4] State ex. rel. Rodgers v. Cuyahoga Cty. Court of Common Pleas
(1992), 83 Ohio App.3d 684, 686, 615 N.E.2d 689.
[5] Id.; see, also, Powell v. Houser, 7th Dist. No. 07-MA-14,2007-Ohio-2866.
[6] See, e.g., State ex rel. Kura v. Sheward (1992),75 Ohio App.3d 244, 245, 598 N.E.2d 1340; State v. Hochhausler, 76 Ohio St.3d 455, 464,469, 1996-Ohio-374, 668 N.E.2d 457. *Page 1